**PAID**
51303-FL

IN THE UNITED STATES DISTRICT COURT U.S. DIST COURT CLERK
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

2008 FEB 13 P 3: 18

NANCY ELLEN VANCE,

    an individual resident of the State of Michigan,

        Plaintiff,

Case No. 08-10632

v.

Honorable Rosen
Komines

CHARLES ODELL LATIMER, a/k/a CHARLIE LATIMER,

    an individual resident of the State of Michigan,

        Defendant.

_____/

Jeffrey P. Thennisch (P51499)
Dobrusin & Thennisch PC
Attorneys for Plaintiff
29 West Lawrence Street, Suite 210
Pontiac, Michigan  48348
(248) 292-2920
(248) 292-2910
jeff@patentco.com

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF, COPYRIGHT INFRINGEMENT, AND DEMAND FOR JURY TRIAL

    Plaintiff, by and through her attorneys, hereby sets forth the following

Verified Complaint against the Defendant as follows:

## NATURE OF ACTION

1.      This is an action for copyright infringement under the U.S. Copyright Act, 17 U.S.C. §101 et seq., for declaratory relief seeking an adjudication of ownership of the Defendant's musical works and sound recordings in favor of the Plaintiff, and for acts of unfair competition under Section 43(a) of the Lanham Act as well for violations of the common law of the State of Michigan.  This action arises under the U.S. Copyright Act, 17 U.S.C. §101 et seq., the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and the Lanham Act, 15 U.S.C. 1051 et seq.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367, and 2201(a), because a federal question is involved under 28 U.S.C. §1331 as well as 15 U.S.C. 1121(a).  Venue is based upon 28 U.S.C. § 1391 since the Defendant resides within this judicial district.

## THE PARTIES

Plaintiff:

2.      Nancy Ellen Vance (hereinafter "VANCE" or "Plaintiff") is an individual resident of the State of Michigan having an address at 1112 Mcreland Court in Rochester Hills, Michigan  48307.  The subject matter and events which are relevant to this action concern the Plaintiff's creation and development of a musical compilation of the sound recordings bearing the vocals of the Defendant, more commonly known as "Charlie Latimer:  Through The Years", as well as the adjudication and enforcement of two (2) separate written agreements entered into between the parties in 2005 which declare that the Plaintiff is the "sole

2

owner" of the Defendant's musical rights and that the Plaintiff will also receive 20% of all of the Defendant's "earnings from musical performances indefinitely." See the duly notarized September 29, 2005 document signed by the Defendant at Exhibit A hereto and the duly notarized October 1, 2005 document signed by the Defendant at Exhibit B hereto.

3.      Upon information and belief, Defendant, Charles Odell Latimer, a/k/a Charlie Latimer (hereinafter "LATIMER" or "Defendant"), is an individual resident of the State of Michigan having an address within this judicial district at 659 Glen Circle #32 in Rochester Hills, Michigan 48307. Defendant LATIMER is a singer, musical performer, and provider of voice-over services that is professionally known as Charlie Latimer who has publicly performed and made musical sound recordings for approximately forty (40) years.

Factual Background

4.      From approximately August 2004 to early 2006, Plaintiff and the Defendant maintained a personal and professional relationship whereby the Plaintiff took steps to select, arrange, and create a compilation of the Defendant's musical works to be stored, and potentially sold, on electronic disc media, more commonly known as a compact disc or CD, as a form of tangible good or product. To identify, distinguish, and promote this compilation to the public, Plaintiff created, developed, published, and sought all necessary third party consents and permissions to create a musical compilation known as "Charlie Latimer: Through The Years" in 2005 (hereinafter referred to as "the Plaintiff's musical compilation").

3

5. One of the more primary and fundamental functions of the Plaintiff's musical compilation, "Charlie Latimer: Through The Years", is to serve as a fundraising tool for the Obsessive Compulsive Disorder (OCD) Foundation of Michigan, whereby a portion of the net proceeds from the contemplated sale of the Plaintiff's musical compilation would be donated to Camp Redwing, a camp for children suffering from Obsessive Compulsive Disorder.

6. Indeed, a number of third party artists and musicians who provided their necessary consent and permission to the Plaintiff to create and develop the Plaintiff's musical compilation as set forth in Paragraph 4 above, explicitly conditioned their consent and permission that the Plaintiff would use the Plaintiff's musical compilation to achieve the charitable and philanthropic purposes set forth in Paragraph 5 above.

7. The Plaintiff's musical compilation, "Charlie Latimer: Through The Years", consists of the selection of twenty (20) musical tracks of the Defendant's vocal performances. The particular twenty (20) musical tracks in Plaintiff's compilation include the following: "You Don't Know Me", "Just Like A Woman", "It Takes A Lot To Laugh, It Takes A Train To Cry", Always On My Mind", "Under African Skies" (with Barbara Bredius), "Fanette", "Imagine", "Fire and Rain", "Angel", "Love Minus Zero", "I Think It's Going To Rain Today", "Can't Help Falling In Love", "I Threw It All Away", "Lord Randall", "Games People Play", "Knockin' On Heaven's Door", "Until It's Time For You To Go", "Just Like Tom Thumb's Blues", "The Weight", and "There's A Meetin' Here Tonight". The specific compilation created and developed by the Plaintiff was first published

4

and disseminated to third parties on September 10, 2005 and a photocopy of the jacket and other tangible goods consisting of the Plaintiff's musical compilation is attached hereto as Exhibit C.

8.      The Plaintiff's musical compilation, "Charlie Latimer: Through The Years" described above and attached hereto at Exhibit C constitutes copyrightable subject matter as a compilation within the meaning of Title 17 of the U.S. Code and U.S. Copyright Office Circular 56 as issued by the Library of Congress.

9.      Plaintiff enjoys copyright protection in Plaintiff's musical compilation under federal law.  Such copyrightable subject matter belongs to the Plaintiff as the creator and author of the Plaintiff's musical compilation.

10.     In the case of the Plaintiff's musical compilation shown at Exhibit C, the material is also the subject matter of a pending application before the U.S. Copyright Office (hereinafter "the Plaintiff's Copyright Filing").  Plaintiff has paid all fees necessary for the Plaintiff's Copyright Filing set forth at Exhibit D.

11.     As a result of offering, publishing, disseminating, marketing and providing the Plaintiff's musical compilation, and particularly the Plaintiff's Copyright Filing, to promote the musical composition, and the widespread recognition of the charitable and philanthropic purposes of the Plaintiff's musical composition thereof by the public, the Plaintiff's musical composition, as a tangible good or product, and the Plaintiff's Copyright Filing have both come to be, and now are, well and favorably known to the public, and identified with the

5

Plaintiff, as content and material of high quality, professionalism, and reliability associated with the Plaintiff's philanthropic endeavors.

12. Use and ownership of the Plaintiff's musical compilation, and particularly the Plaintiff's Copyright Filing, by Plaintiff in conjunction with the promotion of musical works is distinctive and represents a highly valuable asset and source indicator for consumers who are seeking to obtain a tangible musical work which also devotes a portion of the proceeds of any purchasing decision for charitable and philanthropic causes, such as Camp Redwing of the OCD Foundation of Michigan.

13. Plaintiff thereby built up and now owns valuable goodwill, which is represented by the Plaintiff's musical compilation and the Plaintiff's Copyright Filing, shown and attached at Exhibit C and Exhibit D.

14. Although Plaintiff is the sole creator and copyright owner of both the Plaintiff's musical compilation and Plaintiff's Copyright Filing upon creation of the musical compilation, Defendant also provided Plaintiff with two (2) separate and notarized written transfers and assignments which unequivocally state and evidence the agreement between the parties, as signed by Defendant Latimer himself, that Plaintiff "Nancy Ellen Vance is the sole owner of all my music, which may be used at her discretion." See Exhibit A dated September 29, 2005 and Exhibit B dated October 1, 2005.

15. Upon information and belief, the documents set forth at Exhibit A and Exhibit B hereto, each constitute valid written assignments and enforceable transfers of all of the Defendant's rights, including copyright interests, relating to

6

the Defendant's music to the Plaintiff, as the sole owner thereof, within the meaning of the U.S. Copyright Act, 17 U.S.C. §201, and under the common law of the State of Michigan, from at least the date of September 29, 2005 to the present.

16.     Upon information and belief, the documents set forth at Exhibit A and Exhibit B hereto, each constitute valid and enforceable written agreements signed by the Defendant which unambiguously state that Plaintiff "Nancy Ellen Vance will receive 20% of all my earnings from musical performances indefinitely", from at least September 29, 2005 to the present.

17.     At some time in the recent past on a date not yet known to Plaintiff, but after the September 29, 2005 transfer and assignment at Exhibit A and the October 1, 2005 transfer and assignment at Exhibit B, Defendant, without authority, consent, permission, or license from the Plaintiff, began to offer, promote, provide, sell, and disseminate a musical work that Defendant has named "Charlie Latimer – I'll Sing A Song For You" to the public in this judicial district (hereinafter "the Defendant's CD), which contains content which copies, simulates and/or imitates the Plaintiff's musical compilation, tangible product, and the Plaintiff's Copyright Filing, and, accordingly, infringes upon the Plaintiff's Copyright Filing within the meaning of the U.S. Copyright Act, 17 U.S.C. 101, et seq., and 15 U.S.C. 501 in particular. A sample of the Defendant's CD and unauthorized use of the Plaintiff's musical compilation and the Plaintiff's Copyright Filing in particular, is attached hereto at Exhibit E. The actions of the

7

Defendant have occurred in this judicial district and are believed to have been on an on-going and continuous basis.

18.     Upon information and belief, Defendant's acts of offering, promoting, providing, selling, and disseminating the Defendant's CD to the public within this judicial district is in breach, and a violation of, the September 29, 2005 Agreement between the parties at Exhibit A and the October 1, 2005 Agreement between the parties at Exhibit B in that the Plaintiff is the sole owner of any and all musical rights of the Defendant embodied in the Defendant's CD.

19.     Upon information and belief, Defendant's acts of offering, promoting, providing, selling, and disseminating the Defendant's CD to the public within this judicial district constitutes acts of unfair competition, passing off, and reverse passing by creating a false association that the Defendant has authority to provide and sell the Defendant's CD which contains musical rights that are actually owned by the Plaintiff by virtue of, the September 29, 2005 Agreement between the parties at Exhibit A and the October 1, 2005 Agreement between the parties at Exhibit B.

20.     Upon information and belief, the Defendant has sold and provided the Defendant's CD to the public within this judicial district on at least October 20, 2007 at the Musical Extravaganza Benefit for the Church of the Holy City located in Royal Oak, Michigan.

21.     At some time in the recent past on a date not yet known to Plaintiff, but after the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B, Defendant has provided and engaged in musical

8

performances within this judicial district without notifying, providing, or remitting to Plaintiff the 20% of earnings for such musical performances due and owing to the Plaintiff by the Defendant in accordance with the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B. The actions of the Defendant have occurred in this judicial district and are believed to have been on an on-going and continuous basis.

22. Upon information and belief, Defendant's acts of providing and engaging in musical performances within this judicial district, without notifying, paying, or remitting to the Plaintiff the 20% of the earnings for such musical performances due and owing to the Plaintiff by the Defendant in accordance with the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B, is a breach and violation of, the September 29, 2005 Agreement between the parties at Exhibit A and the October 1, 2005 Agreement between the parties at Exhibit B.

23. Upon information and belief, Defendant's acts of providing and engaging in musical performances within this judicial district, without notifying, paying, or remitting to the Plaintiff the 20% of the earnings for such musical performances due and owing to the Plaintiff by the Defendant in accordance with the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B require the Defendant to provide Plaintiff with an accounting of all earnings received by the Defendant for musical performances provided by the Defendant from at least September 29, 2005 to the present.

24.   Upon information and belief, the Defendant performed and provided musical performances within this judicial district on at least: (a) October 2, 2005 at the Rochester Hills Public Library in Rochester, Michigan where Defendant is believed to have earned the sum of $1,000.00 for his musical performances; (b) December 10, 2005 at the Trinity Lutheran Church in Berkley, Michigan where Defendant is believed to have earned the sum of $150.00 for his musical performances; (c) January 19, 2006   at the OPC (Older Persons' Commission) in Rochester, Michigan where Defendant is believed to have earned the sum of $750.00 for his musical performances; (d) November 19, 2006 at the Orion Township Public Library in Lake Orion, Michigan where Defendant is believed to have earned the sum of $600.00 for his musical performances; (e) February 21, 2007 at the Senior Center/Peoples Coffee House in Madison Heights, Michigan where Defendant is believed to have earned the sum of $600.00 for his musical performances; (f) March 3, 2007 at the Shaarey Zedek Synogague in Southfield, Michigan where Defendant is believed to have earned a currently unknown sum for his musical performances; (g) March 25, 2007 at the Senior Center/Sterling Coffee House in Sterling Heights, Michigan where Defendant is believed to have earned the sum of $700.00 for his musical performances; (h) Spring 2007 at the Chelsea Center for the Arts in Chelsea, Michigan where Defendant is believed to have earned a currently unknown sum for his musical performances; (i) October 20, 2007 at the Musical Extravaganza Benefit for the Church of the Holy City located in Royal Oak, Michigan where Defendant sold the Defendant's CD for financial gain; and

10

(j) January 12, 2008 at the Shaarey Zedek Synagogue in Southfield, Michigan where Defendant is believed to have earned a currently unknown sum for his musical performances.

25. Upon information and belief, Defendant's actions and infringing nature of the Defendant's CD constitute a calculated, methodical effort to not only copy the Plaintiff's musical compilation and Plaintiff's Copyright Filing, but to obtain additional unfair advantage by deliberately and knowingly selling a tangible good or product in commerce which does not emanate from the Plaintiff, who is the sole owner of the Defendant's musical rights by virtue of the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B.

26. Upon information and belief, Defendant's acts of providing and engaging in musical performances within this judicial district in at least the venues and locations set forth at Paragraph 24 above, without notifying, paying, or remitting to the Plaintiff the 20% of the earnings for such musical performances due and owing to the Plaintiff by the Defendant are a deliberate and intentional breach and violation of the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B.

## COUNT I - COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 26, inclusive, with the same effect as though fully rewritten in this Count for infringement by Defendant of Plaintiff's Copyright Filing for The

11

Plaintiff's musical compilation, "Charlie Latimer: Through The Years" set forth at Exhibit D. This Court has jurisdiction over this count under the U.S. Copyright Act, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 1338(b). Venue is proper in this case under 28 U.S.C. § 1391.

28.     Upon information and belief, Defendant, by virtue of his past personal and professional relationship with the Plaintiff had access to and/or otherwise obtained a copy of Plaintiff's musical composition in 2005 and used that copy to create, prepare, and produce the Defendant's CD.

29.     By virtue of the facts herein averred, the Defendant has been and is engaging in copyright infringement by offering, providing, promoting, and disseminating his goods consisting of Defendant's CD which is substantially similar to Plaintiff's prior musical compilation, including the Plaintiff's Copyright Filing, in a manner and format substantially similar to the Plaintiff's Copyright Filing. Defendant has purposefully copied, sold, and disseminated an authorized version of Plaintiff's musical compilation and Plaintiff's Copyright Filing and otherwise promoted his music and Defendant's CD on the internet.

30.     Upon information and belief, Defendant provides and offers substantially similar goods in interstate commerce to the public including, at least the Defendant's CD, and has deliberately, knowingly, and without any justification infringed Plaintiff's Copyright Filing by copying and selling the material found in Plaintiff's prior existing musical compilation and appropriated such material for his own commercial gain in multiple venues and channels.

31.     Upon information and belief, Defendant has been and continues to unfairly trade upon and appropriate the prestige, reputation, goodwill, and very creation conceived by the Plaintiff as represented by the Plaintiff's musical compilation, including the Plaintiff's Copyright Filing, and is thereby deceiving the public through acts that impact and involve interstate commerce.

32.     Upon information and belief, Defendant's infringing use of the Plaintiff's Copyright Filing has been deliberate and willful and has been committed with the intent to cause confusion and mistake, and to deceive and defraud the public.

33.     The acts of the Defendant are causing irreparable injury to the Plaintiff and her legitimate interests in the Plaintiff's musical composition, the Plaintiff's Copyright Filing, and the Plaintiff's contractual rights in the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B. Upon information and belief, the infringing acts of the Defendant will expand and multiply in scope if not enjoined and restrained by this Court.

34.     Among the exclusive rights available to the Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce the Plaintiff's musical compilation, prepare derivative works, perform, and to distribute the Plaintiff's musical compilation to the public.

35.     Upon information and belief, Plaintiff believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use at least substantially similar portions of Plaintiff's musical compilation by reproducing, preparing derivative works, and distributing copies or phonorecords

which are embodied and manifested in Defendant's CD. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction, performing and distribution under the U.S. Copyright Act, 17 U.S.C. 106 in particular.

36.     Defendant's actions constitute infringement of Plaintiffs' Copyright Filing and exclusive rights under 17 U.S.C. § 101 et seq, and §501 in particular in that Defendant's CD described in Paragraph 35 above and at Exhibit E hereto copies and contains overlapping musical tracks and content found in the Plaintiff's musical compilation. The Defendant's CD at Exhibit E contains the following twelve (12) musical tracks:    "You Don't Know Me", "Just Like A Woman", "It Takes A Lot To Laugh", "Under African Skies" (with Barbara Bredius), "Fanette", "Games People Play", "Imagine", "Fire and Rain", "Angel", "Love Minus Zero", "The Weight", and "Some Come To Dance", also known as "There's A Meetin' Here Tonight".

37.     Upon information and belief, Plaintiff believes that the forego ng acts of infringement have been willful and intentional, in disregard of, and with indifference to, the rights of the Plaintiff as well as both the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B.

38.     As a result of Defendant's infringement of Plaintiff's Copyright Filing and exclusive rights under copyright law, Plaintiff's entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement and/or willful infringement of the Work and/or actual damages sustained by Plaintiff and or other remedies allowed by the U.S. Copyright Act. Plaintiff is further entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

14

39.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

40.     Pursuant to 17 U.S.C. § 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs Copyright Filing and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiff's exclusive rights.

## COUNT II - UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

41.     Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 40, inclusive, with the same effect as though fully rewritten in this Count for unfair competition by the Defendant.  This Court has jurisdiction over this count under the Lanham Act, 15 U.S.C. § 1051 et seq., (particularly 15 U.S.C. § 1125) and 28 U.S.C. §§ 1338(a) and (b).

42.     Defendant deliberately copied the Plaintiff's musical composition and commenced the use, sale, and dissemination of a confusingly similar tangible good embodied in Defendant's CD which, if not enjoined, Plaintiff justly fears that Defendant will continue to disseminate information to the public with the intention of misleading the public as to the source, author, owner, and/or creator of the materials appropriated by the Defendant and shown at Exhibit E.

43.     Defendant's misrepresentations and actions have caused, or will likely cause, confusion as to the origin or sponsorship of the materials shown at Exhibit E which were originally created by the Plaintiff as shown at Exhibit C.

15

44.     By virtue of the facts herein averred, the acts of the Defendant constitute unfair competition within the meaning of the Lanham Act, 15 U.S.C. 1125, and the common law of the State of Michigan.

45.     Upon information and belief, the Defendants acts are also in violation of the Plaintiff's rights in the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B.

46.     The acts of the Defendant are causing irreparable injury to Plaintiff's trade prospects, business reputation, prestige and goodwill, especially since the Plaintiff's musical compilation was contemplated to provide both charitable and philanthropic benefits to the OCD Foundation of Michigan.

47.     Upon information and belief, the infringing acts of the Defendant will expand and multiply in scope unless restrained by this Court under the provisions of Fed.R.Civ.P. 65. Plaintiff has no adequate remedy at law and said acts will continue unless restrained by this Court.

## COUNT III - UNFAIR TRADE PRACTICES UNDER MCLA 445.903

48.     Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 47, inclusive, with the same effect as though fully rewritten in this Count for unfair trade practices by the Defendant. Plaintiff submits that this Court has jurisdiction over this count under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367 and that this count relates to a claim involving subject matter and harm to the Plaintiff which is independent and different in nature from claims and subject matter that may be preempted by the U.S. Copyright Act.

49.     Defendant's conduct constitutes unfair trade practices in violation of MCLA 445.903 and the common law of the State of Michigan.

## COUNT IV - CONVERSION

50.     Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 49, inclusive, with the same effect as though fully rewritten in this Count for conversion by the Defendant.  Plaintiff submits that this Court has jurisdiction over this count under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367 and that this count relates to a claim involving subject matter and harm to the Plaintiff which is independent and different in nature from claims and subject matter that may be preempted by the U.S. Copyright Act.

51.     Defendant's conduct constitutes conversion in violation of the common law of the State of Michigan.

## COUNT V – BREACH OF CONTRACT

52.     Plaintiff hereby incorporates by reference the allegations contained in the previous paragraphs 1-51 as though fully set forth herein.  Plaintiff submits that this Court has jurisdiction over this count under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367 and that this count relates to a claim involving subject matter and harm to the Plaintiff which is independent and different in nature from claims and subject matter that may be preempted by the U.S. Copyright Act.

53.     Upon information and belief, the Defendant has received a benefit from the unauthorized breach and impairment of rights and interests held by the Plaintiff as a result of both the September 29, 2005 written agreement set forth

17

at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B hereto resulting in an inequity to the Plaintiff and the retention of the benefit by the Defendant.

54.     Upon information and belief, the Defendant's actions and conduct of offering, selling, and providing the Defendant's CD in at least the State of Michigan is in violation of the Plaintiff's rights under the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B which clearly state that the Plaintiff, Nancy Ellen Vance, is the sole owner of the Defendant's music.

55.     Upon information and belief, the Defendant has received a benefit from the unauthorized breach and impairment of rights and interests held by the Plaintiff as a result of both the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B hereto by withholding the contractually required payment to the Plaintiff of 20% of all of the Defendant's earnings from his musical performances from at least September 29, 2005 to the present.

56.     Upon information and belief, the Defendant's actions and conduct of providing and engaging in musical performances in interstate commerce without providing the Plaintiff with the required 20% of all of the Defendant's earnings from such musical performances is a violation of the Plaintiff's rights under the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B and the common law of the State of Michigan.

57. By virtue of the facts herein averred, the acts of the Defendant are in breach and violation of the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B in violation of the common law of the State of Michigan.

58. The acts of the Defendant are causing irreparable injury to Plaintiff's rights under the agreements at Exhibit A & B. Plaintiff has no adequate remedy at law and said acts will continue unless restrained by this Court.

## COUNT VI - COMMON LAW UNJUST ENRICHMENT

59. Plaintiff hereby incorporates by reference the allegations contained in the previous paragraphs 1-58 as though fully set forth herein. Plaintiff submits that this Court has jurisdiction over this count under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367 and that this count relates to a claim involving subject matter and harm to the Plaintiff which is independent and different in nature from claims and subject matter that may be preempted by the U.S. Copyright Act.

60. Upon information and belief, the Defendant has received a benefit from the unauthorized use and impairment of rights and interests held by the Plaintiff resulting in an inequity to the Plaintiff and the retention of the benefit by the Defendant.

61. By virtue of the facts herein averred, the acts of the Defendant have resulted in the unjust enrichment of the Defendant in violation of the common law of the State of Michigan.

62. The acts of the Defendant are causing irreparable injury to

19

Plaintiff's prospective trade, business reputation, prestige and goodwill in violation of the common law of the State of Michigan. Plaintiff has no adequate remedy at law and said acts will continue unless restrained by this Court.

## COUNT VII - ACCOUNTING

63.     Plaintiff hereby incorporates by reference the allegations contained in the previous paragraphs 1-62 as though fully set forth herein.

64.     Plaintiff submits that this Court has jurisdiction over this court wider the doctrine of supplemental jurisdiction under 28 U.S.C. §1367 and that this count relates to a claim involving subject matter and harm to the Plaintiff which is independent and different in nature from claims and subject matter that may be preempted by the U.S. Copyright Act.

65.     Upon information and belief, the Defendant has received and derived earnings, and continues to derive and receive earnings, from the provision of musical performances and musical performance services to the public wherein Defendant is obligated under the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B to pay, remit, and provide to Plaintiff 20% of all earnings from such musical performances on an on-going basis.

66.     To date, Defendant has not paid, remitted, or provided any financial sums or records of such earnings from musical performances to the Plaintiff.

67.     Upon information and belief, Defendant is receiving, and continues to receive, earnings from musical performances on an on-going basis of which

20

20% of such earnings needs to be accounted for, and provided to, the Plaintiff under the express terms of the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

68.      By virtue of the facts herein averred, the acts of the Defendant have resulted in an inequity in violation of the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B and the common law of the State of Michigan which requires an audit and accounting of all revenues and earnings of the Defendant from musical performances from at least September 29, 2005 to the present.

69.      The acts of the Defendant are causing irreparable injury to Plaintiff's rights in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B. Plaintiff has no adequate remedy at law and said acts will continue unless this Court orders an accounting of all revenues and earnings of the Defendant from musical performances from at least September 29, 2005 to the present.

## COUNT VIII – DECLARATORY JUDGMENT OF OWNERSHIP OF THE DEFENDANT'S MUSIC AND MUSICAL WORKS

70.      Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 69, inclusive, with the same effect as though fully rewritten in this Count for relief under the Declaratory Judgment Act against the Defendant.

21

71.     By virtue of the rights transferred and assigned to the Plaintiff by the Defendant in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B, the Plaintiff is the "sole owner" of the Defendant's music as well as any all legal rights embodied in, or appurtenant to, the Defendant's music.

72.     To date, the actions and conduct of the Defendant have expressed and evidenced Defendant's breach of the Plaintiff's rights in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B and an assertion that the Defendant somehow maintains rights to the music and musical rights in question despite the transfer and assignment of such rights set forth in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

73.     Upon information and belief, the actions and conduct of the Defendant are detrimental to the Plaintiff and function to interfere with and impede existing and prospective contractual relations between the Plaintiff and potential third party clients/customers as well as other economic expectancies that Plaintiff may otherwise enjoy and receive the benefit from by virtue of the fact that the Plaintiff is the proper "sole owner" of the Defendant's music.

74.     Upon information and belief, Plaintiff is the sole owner of the Defendant's music and musical works by virtue of the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

75.     Upon information and belief, the Defendant's actions and conduct of providing and selling the Defendant's CD, which embodies and contains the Defendant's music, which was previously assigned and transferred to the Plaintiff by the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B effectively clouds the Plaintiff's contractual rights as the "sole owner" of such music and rights and/or otherwise impairs Plaintiff's ownership rights and title to the music.

76.     As a consequence of the foregoing, there is an actual and justifiable controversy between Plaintiff and Defendant whereby Plaintiff seeks a declaration that it is the sole owner of the Defendant's music as set forth in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

77.     Defendant's actions of continuing to provide, sell, and promote the Defendant's CD in this judicial district falsely claims and/or implies that Defendant retains some type of ownership interest in the Defendant's music despite the prior and existing Plaintiff's rights in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

78.     Plaintiff has a legitimate and good faith interest in receiving declaratory relief from the Court that she is the "sole owner" of the Defendant's music.  As a result, an actual controversy exists between Plaintiff and Defendant, concerning whether the Plaintiff is the "sole owner" of the Defendant's music, exists.

23

79.     Plaintiff seeks a declaration that she is the sole owner of the Defendant's music by virtue of the Plaintiff's rights in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

### COUNT IX
### (Declaratory Relief Under 28 U.S.C. § 2201, et seq. Seeking A Declaration That Plaintiff Is Entitled To 20% Of Defendant's Earnings From Musical Performances From September 29, 2005 And Beyond)

80.     Plaintiff incorporates by reference all of the averments set forth in Paragraphs 1 through 79, inclusive, with the same effect as though fully rewritten in this Count for relief under the Declaratory Judgment Act against the Defendant.

81.     By virtue of the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B, the Plaintiff is entitled to receive 20% of all of the Defendant's earnings from musical performances indefinitely.  Still further, the October 1, 2005 agreement at Exhibit B provides that: "She [VANCE] will receive this portion before payment to accompaniment, taxes, or any other expense.  Payment from performances will be separate from any other money owed to her by me [LATIMER]." [emphasis added].

82.     To date, the actions and conduct of the Defendant have expressed and evidenced Defendant's breach of the Plaintiff's rights in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1 2005 written agreement set forth at Exhibit B by virtue of the fact that Defendant has not paid, provided, or remitted any portion of his earnings from musical

performances despite Plaintiff's actual knowledge that such performances have taken place within this judicial district.

83. Upon information and belief, the actions and conduct of the Defendant are detrimental to the Plaintiff and function to interfere with and impede existing and prospective contractual relations between the Plaintiff and potential third party clients/customers as well as other economic expectancies that Plaintiff may otherwise enjoy and receive the benefit from by virtue of the fact that the Plaintiff is properly entitled to receive 20% of all of the Defendant's earnings from musical performances from at least as early as September 29, 2005 into perpetuity.

84. Upon information and belief, Plaintiff is properly entitled to receive 20% of all of the Defendant's earnings from musical performances from at least as early as September 29, 2005 into perpetuity by virtue of the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

85. Upon information and belief, the Defendant's actions and conduct of providing and engaging in musical performances without providing the Plaintiff with the 20% allocation of earnings required under the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B effectively clouds the Plaintiff's contractual rights, deprives the Plaintiff of such earnings, and/or otherwise impairs Plaintiff's economic expectancy relating to the musical performances.

25

86.    As a consequence of the foregoing, there is an actual and justifiable controversy between Plaintiff and Defendant whereby Plaintiff seeks a declaration that it she is entitled to receive 20% of the Defendant's earnings from musical performances as set forth in the  September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

87.    Defendant's actions of continuing to provide and engage in musical performances in this judicial district and elsewhere falsely claims and/or implies that Defendant retains some type of ownership interest in all of the Defendant's earnings from musical performances despite the prior and existing Plaintiff's rights in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B.

88.    Plaintiff has a legitimate and good faith interest in receiving declaratory relief from the Court that she is properly entitled to receive 20% of all of the Defendant's earnings from musical performances from at least as early as September 29, 2005 into perpetuity.  As a result, an actual controversy exists between Plaintiff and Defendant, concerning whether the Plaintiff is entitled to receive 20% of all of the Defendant's earnings from musical performances from at least as early as September 29, 2005 into perpetuity.

89.    Plaintiff seeks a declaration that she is properly entitled to receive 20% of all of the Defendant's earnings from musical performances from at least as early as September 29, 2005 into perpetuity as provided for in the September

29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005

written agreement set forth at Exhibit B.

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

A.      Enter an Order pursuant to Fed.R.Civ.P. 65 preliminarily and permanently enjoining the Defendant, his agents, servants, employees and all persons in active concert or participation with him, from (1) manufacturing, displaying, promoting, offering, disseminating, or selling Plaintiff's musical compilation, Plaintiff's Copyright Filing or any modification, derivation, or reproduction thereof; (2) copying, displaying, or distributing, or in any other way using the Plaintiff's musical compilation or any portion thereof; and (3) making in any manner whatsoever any statement, indication, suggestion or representation, or performing any act likely to lead the public or individual members of the public to believe that the Defendant or any goods or services offered by Defendant are in any manner either owned or controlled by the Defendant, or directly or indirectly, associated, connected with, licensed, authorized, franchised or approved by Plaintiff or anyone associated with Plaintiff.

B.      Enter an Order directing the Defendant to produce to Plaintiff's counsel for impoundment and destruction all infringing advertising, products, or other infringing articles in Defendant's possession, custody or control, specifically including any and all copies of Defendant's CD, as well as within the custody or control of any persons associated with or acting on behalf of the Defendant;

C.      Enter an Order requiring the Defendant to file with the Court and to serve on Plaintiff's counsel, within thirty (30) days after service of any preliminary injunction or permanent injunction issued here, or within such reasonable time as the Court shall direct, a report in writing and under oath setting forth in detail the

manner and form in which the Defendant has complied with the injunction;

D.      Order an accounting of profits and other damages derived from the Defendant's acts of copyright infringement , unfair competition, and violations of the common law of the State of Michigan;

E.      Order that Plaintiff be awarded damages for Defendant's copyright infringement as either (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Plaintiff's musical compilation or Plaintiff's Copyright Filing; or (ii) statutory damages for each act of infringement in an amount provided by law, at Plaintiff's election before the entry of a final judgment, together with prejudgment and post-judgment interest;

F.      Enter a judgment in favor of Plaintiff and against the Defendant in an amount to be set forth when determined as damages, the amount of damages including: (i) actual losses and harm suffered by the Plaintiff due to Defendant's actions and infringement; (ii) profits the Plaintiff has lost or will lose due to Defendant's actions and infringement; (iii) profits and advantages obtained by Defendant by his actions and infringement; and (iv) treble damages and attorney's fees, or in the alternative, statutory fees pursuant to 15 U.S.C. §1117 and the United States Copyright Act (17 U.S.C. §101 et. seq.), and a proper amount of punitive and exemplary damages based upon the will nature of Defendant's conduct;

G.      Award Plaintiff her expenses, including attorney's fees and costs, incurred by them in the pursuit of this cause of action, including attorney's fees

pursuant to 17 U.S.C. §505 and 15 U.S.C. §1117;

      H.     Order and declare that: (i) the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B are valid and enforceable agreements; (ii) the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B effectively transferred and assigned all of the Defendant's rights in his music to the Plaintiff; (iii) the Plaintiff, Nancy Ellen Vance, is the "sole owner" of all of the Defendant's music and musical rights as of September 29, 2005; (iv) the Plaintiff, Nancy Ellen Vance, is entitled to receive 20% of all earnings from the Defendant's musical performances from September 29, 2005 into perpetuity; and (v) Order the Defendant to provide a verified accounting to the Plaintiff of all earnings from either the sale, licensing, or transfer of musical works, as well as earnings from musical performances, from September 29, 2005 through the date of the Court's Order; and

      I.     Award Plaintiff her costs and such further relief as the Court ceems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on issues so triable.

Respectfully submitted,

Dated: February 13, 2008

Jeffrey P. Thennisch (P51499)
Dobrusin & Thennisch, PC
Attorneys for Plaintiff
29 W. Lawrence Street, Suite 210
Pontiac, Michigan 48342
(248) 292-29201
(248) 292-2910 (Fax)
jeff@patentco.com

31

**VERIFIED STATEMENT**

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing aversions in Plaintiff's VERIFIED COMPLAINT FOR DECLARATORY RELIEF, COPYRIGHT INFRINGEMENT, AND DEMAND FOR JURY TRIAL are true and correct to the best of my knowledge, information and belief.

Dated: February 13, 2008      By: *Nancy Ellen Vance*

                                      Nancy Ellen Vance
                                      Plaintiff



EXHIBIT A

CHARLIE LATIMER'S NOTARIZED STATEMENT OF INTENT

DATED SEPTEMBER 29, 2005

REGARDING NANCY ELLEN VANCE BEING THE OWNER OF

ALL MUSICAL WORKS AND COMMISION OF MUSICAL PERFORMANCES

To Whom it MAy Conarn,
Manag Ellen Vance is
The Sole owner of all my music TO
be used at her discretion.
She also will receved 20% of All
my EArnings from musical peiformances.

9-29-05

Harlie Latimer

375-44-25-42

Signel before me this 29th day of September
2005.

Norma Jones

NORMA L. JONES
Notary Public Wayne County, MI
My Commission Expires 11/15/2008

NORMA L. JONES
Notary Public Wayne County, MI
My Commission Expires 11/15/2008



EXHIBIT B

CHARLIE LATIMER'S NOTARIZED STATEMENT OF INTENT

DATED OCTOBER 1, 2005

REGARDING NANCY ELLEN VANCE BEING THE SOLE OWNER OF

ALL MUSICAL WORKS AND COMMISION OF MUSICAL PERFORMANCES

TO WHOM IT MAY CONCERN:

Nancy Ellen Vance is the sole owner of all my music, which may be used at her discretion.

Nancy Ellen Vance will receive 20% of all my earnings from musical performances indefinitely. She will receive this portion before payment to accompaniment, taxes, or any other expense. Payment from performances will be separate from any other money owed to her by me.

Charlie Latimer
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

10-1-05
Date

Sherry A. Marshall

SHERRY A. MARSHALL
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Jan 24, 2011
ACTING IN COUNTY OF Oakland



EXHIBIT C

COPY OF PLAINTIFF'S MUSICAL COMPILATION

"CHARLIE LATIMER: THROUGH THE YEARS"





# CHARLIE LATIMER – THROUGH THE YEARS

1. You Don't Know Me
2. Just Like A Woman
3. It Takes A Lot To Laugh, It Takes A Train To Cry
4. Always On My Mind
5. Under African Skies (w/Barbara Bredius)
6. Fanette
7. Imagine
8. Fire and Rain
9. Angel
10. Love Minus Zero
11. I Think It's Going To Rain Today
12. Can't Help Falling In Love
13. I Threw It All Away
14. Lord Randall
15. Games People Play
16. Knockin' On Heaven's Door
17. Until It's Time For You To Go
18. Just Like Tom Thumb's Blues
19. The Weight
20. There's A Meetin' Here Tonight



Special Thanks to:  Paul Bowles, Al Ayoub, Tony Suhy
Guitar        Guitar       Bass
Photos by:  Nancy Ellen Vance & Betty Wagner

2005 Bestest Productions, P.O. Box 82091, Rochester, MI 48308
Unauthorized duplication is a violation of applicable law.
Printed in the USA



EXHIBIT D

PLAINTIFF'S COPYRIGHT APPLICATION

FORM SR FOR A SOUND RECORDING

APPLIED FOR ON OR ABOUT JANUARY 15, 2008

1415.799

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**Form SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

|  | SR | SRU |
|---|---|---|

EFFECTIVE DATE OF REGISTRATION

| | Month | Day | Year |
|---|---|---|---|

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Charlie Latimer:  Through The Years

**PREVIOUS, ALTERNATIVE, OR CONTENTS TITLES (CIRCLE ONE) ▼**

Vocal Recordings Of Charlie Latimer

## 2

**a**

**NAME OF AUTHOR ▼**
Nancy Ellen Vance

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1950     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ United States
Domiciled in ▶ Michigan, U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of material created by this author in which copyright is claimed. ▼
Compilation Of Sound Recordings

**NOTE**
Under the law, the "author" of a work made for hire is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire," check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2005 ◀ Year   This information must be given in all cases.

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ September   Day ▶ 10   Year ▶ 2005
United States of America ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Nancy Ellen Vance
1112 Moreland Court
Rochester Hills, Michigan  48307

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**b**

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5–9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages

| EXAMINED BY | FORM SR |
|---|---|
| CHECKED BY | |
| CORRESPONDENCE<br>☐ Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This work was previously registered in unpublished form and now has been published for the first time.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space.

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Compilation Of Sound Recordings, Including The Selection, Coordination, And Arrangement Of Sound Recordings

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a deposit account established in the Copyright Office, give name and number of Account.

**Name** ▼          **Account Number** ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name / Address / Apt / City / State / Zip ▼

Jeffrey P. Thennisch, Dobrusin & Thennisch PC
29 West Lawrence Street, Suite 210
Pontiac, Michigan 48342

Area code and daytime telephone number   **(248) 292-2920**          Fax number   **(248) 292-2910**

Email   jeff@patentco.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▼

☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Nancy Ellen Vance          Date   January 15, 2008

Handwritten signature ▼

*Nancy Ellen Vance*

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address | Name ▼<br>Nancy Ellen Vance |
|---|---|
| | Number/Street/Apt ▼<br>1112 Moreland Court |
| | City/State/Zip ▼<br>Rochester Hills, MI  48307 |

**YOU MUST**
· Complete all necessary spaces
· Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

**9**

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form SR-Full  Rev: 11/2006  Print: 11/2006—60,000  Printed on recycled paper          U.S. Government Printing Office: 2007-330-945/60,138

E

EXHIBIT E

DEFENDANT'S DISSEMINATED MUSICAL WORK

"CHARLIE LATIMER – I'LL SING A SONG FOR YOU"



The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

NANCY ELLEN VANCE

**DEFENDANTS**

CHARLES ODELL LATIMER, a/k/a CHARLIE LATIMER

08 - 10632

U.S. DIST. COURT CLERK
EASTERN

**(b)** County of Residence of First Listed Plaintiff    OAKLAND
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    OAKLAND
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

2008 FEB 13 P 3: 17

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
JEFFREY P. THENNISCH (P51499), DOBRUSIN & THENNISCH, P.C.
29 W. LAWRENCE STREET, SUITE 210, PONTIAC, MI 48342
(248) 292-2920

Attorneys (If Known) GERALD E. ROSEN

PAUL J KOMIVES

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☑ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☑ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Determination Under |
| | Employment | ☐ 550 Civil Rights | | | Access to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Select One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Copyright Act, 17 U.S.C. §101 et seq., Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and the Lanham Act, 15 U.S.C. 1051

Brief description of cause:
Copyright Infringement and Declaratory Relief for Ownership of Musical Works

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE  Hon. Lisa L. Asadoorian    DOCKET NUMBER  07-C05358

DATE
February 13, 2008

SIGNATURE OF ATTORNEY OF RECORD
Jeffrey P. Thennisch

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____