**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NANCY ELLEN VANCE,

    an individual resident of the State of Michigan,

        Plaintiff,

                      Case No. 08-10632

v.

                      Honorable Gerald R. Rosen

CHARLES ODELL LATIMER, a/k/a CHARLIE LATIMER,

    an individual resident of the State of Michigan,

        Defendant.

---

| | |
|---|---|
| Jeffrey P. Thennisch (P51499) | Charles Odell Latimer |
| Hattem A. Beydoun (P66071) | Pro Se Defendant |
| Dobrusin & Thennisch PC | P.O. Box 14065 |
| Attorneys for Plaintiff | Detroit, MI  48214 |
| 29 West Lawrence Street, Suite 210 | |
| Pontiac, Michigan  48348 | |
| (248) 292-2920 | |
| (248) 292-2910 | |
| jeff@patentco.com | |
| hbeydoun@patentco.com | |

---

**PLAINTIFF'S MOTION AND BRIEF IN SUPPORT FOR SUMMARY JUDGMENT OF**

**COUNTS VII, VIII, AND IX OF THE VERIFIED COMPLAINT**

Plaintiff, Nancy Ellen Vance (hereinafter "Plaintiff"), by and through her undersigned attorneys, respectfully moves this Court to grant summary judgment against Defendant Charles Odell Latimer (hereinafter "Defendant") granting Count VIII for Declaratory Judgment of copyright ownership of Defendant's music and musical works, Count IX for Declaratory relief that Plaintiff is entitled to 20% of Defendant's earnings from musical performances from September 29, 2005 and beyond, and Count VII the issuance of an Order for the Defendant to provide a verified accounting to the Plaintiff of all earnings from either the sale, licensing, or transfer of musical works, as well as musical performances, from September 29, 2005 through the date of the Court's Order.

Plaintiff respectfully requests the above mention relief base on at least the following, as supported in the accompanying brief in support.

1. A September 29, 2005 notarized document executed by Defendant (See Exhibit A)
2. A October 1, 2005 notarized document executed by Defendant (See Exhibit B).
3. Plaintiff's Verified Complaint (See D/E 1).
4. Defendant's admissions in his Answer to Plaintiff's Verified Complaint (See D/E 4 and D/E 1 respectively).

## CERTIFICATION UNDER E.D. MICH. LR 7.1

On February 11, 2009, Plaintiff's undersigned counsel contacted Defendant requesting concurrence for the present motion, but explicit concurrence could not be obtained.

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## Table of Contents

Table of Contents .................................................................................................... 3

Statement of Issues Presented ................................................................................ 4

Table of Authorities ................................................................................................ 5

I. Introduction ........................................................................................................ 6

II. Facts .................................................................................................................. 6

III. Legal Standard ................................................................................................. 8

IV. Argument ......................................................................................................... 9

    A. Plaintiff Is The Copyright Owner Of Defendant's Musical Works .................... 10

    B. Plaintiff Is Entitled To 20% Of Defendant's Earnings From Musical Performances From September 29, 2005 And Beyond ...................................... 10

    C. Plaintiff Is Entitled To A Verified Accounting Of All Of Defendant's Earnings From Either The Sale, Licensing, Or Transfer Of Musical Works As Well As Musical Performances, From September 29, 2005 Through The Date Of The Court's Order ........................................................................... 11

V. Conclusion ....................................................................................................... 12

## **Statement of Issues Presented**

1. Is the Plaintiff entitled to Summary Judgment on the Following Issues?

    A. Is Plaintiff the copyright owner of Defendant's musical works by virtue of the written assignment executed by the parties?

    Plaintiff's Answer: YES

    B. Is Plaintiff entitled to 20% of Defendant's earnings from musical performances from September 29, 2005 and beyond?

    Plaintiff's Answer: YES

    C. Should this Court Order Defendant to provide a verified accounting to the Plaintiff of all earnings from either the sale, licensing or transfer of musical works as well as musical performances, from September 29, 2005 through the date of the Court's Order?

    Plaintiff's Answer: YES

4

# Table of Authorities
## (Controlling in Bold)

### *Cases*

**Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)** ...................................................................................9

*Armento v. Laser Image, Inc.*, 950 F. Supp. 719 (W.D.N.C. 1996) ....................................................9

**Celotex Corp. v. Catrett, 477 U.S. 317 (1986)** ..........................................................................................8

*Cf. Urantia Found. v. Maaherra*, 114 F.3d 955 (9th Cir. 1997) ........................................................10

*Effects Assocs., Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990) ............................................................10

*Glovaroma, Inc. v. Maljack Prods., Inc.*, 71 F. Supp. 2d 846 (N.D. Ill. 1999) ...................................9

*John G. Danielson, Inc. v. Winchester-Conant Props.*, Inc., 186 F. Supp. 2d 1, 11 (D. Mass. 2002)............9

**Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)**............................................9

*Playboy Enterprises, Inc. v. Dumas*, 53 F.3d 549 (2d Cir. 1995) .......................................................9

*Saenger Org., Inc. v. Nationwide Ins. Lic. Assocs., Inc.*, 864 F. Supp. 246 (D. Mass. 1994) .........................9

*Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410 (7th Cir. 1992) ..........................................9

*Techniques, Inc. v. Rohn*, 592 F. Supp. 1195 (S.D.N.Y. 1984) ..........................................................9

### *Statutes*

**17 U.S.C. §101**................................................................................................................................9

**17 U.S.C. §201**................................................................................................................................6

17 U.S.C. §201(d)(1)..........................................................................................................................9

'17 U.S.C. §204(a)..............................................................................................................................9

17 U.S.C. §204(b)............................................................................................................................10

17 U.S.C. §204(b)(1)........................................................................................................................10

### *Rules*

**Fed.R.Civ.P. 56(c)** ...........................................................................................................................8

**Fed.R.Civ.P. 56(e)** ...........................................................................................................................9

## I. INTRODUCTION

The subject matter and events which are relevant to this action concern the adjudication and enforcement of two (2) separate written assignments granted by the Defendant, Charles Odell Latimer (hereinafter Defendant), to the Plaintiff Nancy Ellen Vance (hereinafter "Plaintiff") in 2005 which vest the Plaintiff as the "sole owner" of the Defendant's musical rights and that the Plaintiff will also receive 20% of all of the Defendant's "earnings from musical performances indefinitely."  (See Exhibit A, Notarized September 29, 2005 document signed by the Defendant and at Exhibit B, Notarized October 1, 2005 document signed by the Defendant).

## II. FACTS

Defendant is a singer, musical performer, and provider of voice-over services who has publicly performed and made musical sound recordings for approximately forty (40) years (See D/E 1. Verified Complaint at ¶ 3 and D/E 4. Answer at ¶ 3 – admission).

Defendant provided Plaintiff with two (2) separate and notarized written transfers and assignments which unequivocally state and evidence the agreement between the parties, as signed by Defendant himself, that Plaintiff "Nancy Ellen Vance is the sole owner of all my music, which may be used at her discretion."  See Exhibit A dated September 29, 2005 and Exhibit B dated October 1, 2005. (See D/E 1. Verified Complaint at ¶ 14).  The notarized documents set forth at Exhibit A and Exhibit B hereto, each constitute valid written assignments and enforceable transfers of all of the Defendant's rights, including copyright interests, relating to the Defendant's music to the Plaintiff, as the sole owner thereof, within the meaning of the U.S. Copyright Act, 17 U.S.C. §201, and under the common law of the State of Michigan, from at least the date of September 29, 2005 to the present. (See D/E 1. Verified Complaint at ¶ 15). The documents set forth at Exhibit A and Exhibit B hereto, each constitute valid and enforceable written agreements signed by the Defendant which unambiguously state that Plaintiff "Nancy

6

Ellen Vance will receive 20% of all my earnings from musical performances indefinitely", from at least September 29, 2005 to the present. (See D/E 1. Verified Complaint at ¶ 16)

After the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B, the Defendant has provided and engaged in musical performances within this judicial district without notifying, providing, or remitting to Plaintiff the 20% of earnings for such musical performances due and owing to the Plaintiff by the Defendant in accordance with the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B.  (See D/E 1. Verified Complaint at ¶¶ 21 and 22 and D/E 4. Answer at ¶ 22 – admission).  The Defendant's acts of providing and engaging in musical performances within this judicial district, without notifying, paying, or remitting to the Plaintiff the 20% of the earnings for such musical performances due and owing to the Plaintiff in accordance with the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B constitutes a breach of these agreements.  Most notably, the Defendant to provide Plaintiff with an accounting of all earnings received by the Defendant for musical performances provided by the Defendant from at least September 29, 2005 to the present. (See D/E 1. Verified Complaint at ¶ 23 and D/E 4. Answer at ¶ 23 – admission).

The Defendant performed and provided musical performances on at least: (a) October 2, 2005 at the Rochester Hills Public Library in Rochester, Michigan where Defendant is believed to have earned the sum of $1,000.00 for his musical performances; (b) December 10, 2005 at the Trinity Lutheran Church in Berkley, Michigan where Defendant is believed to have earned the sum of $150.00 for his musical performances; (c) January 19, 2006  at the OPC (Older Persons' Commission) in Rochester, Michigan where Defendant is believed to have earned the sum of $750.00 for his musical performances; (d) November 19, 2006 at the Orion Township Public Library in Lake Orion, Michigan where Defendant is believed to have earned the sum of $600.00 for his musical performances; (e) February 21, 2007 at the Senior Center/Peoples

Coffee House in Madison Heights, Michigan where Defendant is believed to have earned the sum of $600.00 for his musical performances; (f) March 3, 2007 at the Shaarey Zedek Synogague in Southfield, Michigan where Defendant is believed to have earned a currently unknown sum for his musical performances; (g) March 25, 2007 at the Senior Center/Sterling Coffee House in Sterling Heights, Michigan where Defendant is believed to have earned the sum of $700.00 for his musical performances; (h) Spring 2007 at the Chelsea Center for the Arts in Chelsea, Michigan where Defendant is believed to have earned a currently unknown sum for his musical performances; (i) October 20, 2007 at the Musical Extravaganza Benefit for the Church of the Holy City located in Royal Oak, Michigan where Defendant sold the Defendant's CD for financial gain; and (j) January 12, 2008 at the Shaarey Zedek Synagogue in Southfield, Michigan where Defendant is believed to have earned a currently unknown sum for his musical performances. (See D/E 1. Verified Complaint at ¶ 24 and D/E 4. Answer at ¶ 24 – admission)

The Defendant's acts of providing and engaging in musical performances in at least the venues and locations set forth above, without notifying, paying, or remitting to the Plaintiff the 20% of the earnings for such musical performances due and owing to the Plaintiff is a deliberate and intentional breach and violation of the written requirements of the September 29, 2005 agreement at Exhibit A and the October 1, 2005 agreement at Exhibit B. (See D/E 1. Verified Complaint at ¶ 26 and D/E 4. Answer at ¶ 26 – admission).

### III. LEGAL STANDARD

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S.

8

at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice.

## IV. ARGUMENT

The Copyright Act defines a "transfer of copyright ownership" to consist of "an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright ... but not including a nonexclusive license."  17 U.S.C. §101.  The Act permits such transfers to be effectuated, in whole or in part, by means of conveyance or by operation of law. 17 U.S.C. §201(d)(1).

Any transfer other than one by operation of law "is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."17 U.S.C. §204(a). See, e.g., *Saenger Org., Inc. v. Nationwide Ins. Lic. Assocs., Inc.*, 864 F. Supp. 246, 250 (D. Mass. 1994) ; *Techniques, Inc. v. Rohn*, 592 F. Supp. 1195 (S.D.N.Y. 1984).  Even though a written instrument may lack the terms "transfer" and "copyright," it still may suffice to evidence their mutual intent to transfer the copyright interest. *John G. Danielson, Inc. v. Winchester-Conant Props.*, Inc., 186 F. Supp. 2d 1, 11 (D. Mass. 2002), aff'd, but vacated as to fees, 322 F.3d 26 (1st Cir. 2003); *Glovaroma, Inc. v. Maljack Prods., Inc.*, 71 F. Supp. 2d 846, 855 (N.D. Ill. 1999); *Armento v. Laser Image, Inc.*, 950 F. Supp. 719 (W.D.N.C. 1996). See *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 413 (7th Cir. 1992); *Playboy Enterprises, Inc. v. Dumas*, 53 F.3d 549, 564 (2d Cir. 1995), cert. denied, 516 U.S. 1010 (1995).  *Cf. Urantia Found. v.*

*Maaherra*, 114 F.3d 955, 960 (9th Cir. 1997) (language of trust instrument may convey common law copyright even absent words such as "transfer" or "assign").  As to the level of detail required for the instrument of conveyance, it added that the subject writing "doesn't have to be the Magna Charta; a one-line pro forma statement will do.' '*Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990).

An instrument of conveyance, transferring ownership of copyright, is perfectly valid, although it has not been notarized or otherwise acknowledged.  17 U.S.C. §204(b).  There is, nevertheless, some value in obtaining such an acknowledgment. A certificate of acknowledgment will constitute prima facie evidence of the execution of the transfer. *Id.*  In order to constitute such prima facie evidence, in the case of a transfer executed in the United States, such certificate must be issued by a notary or other person authorized to administer oaths within the United States. 17 U.S.C. §204(b)(1).

### A. Plaintiff Is The Copyright Owner Of Defendant's Musical Works

It is undisputed that the Defendant signed the assignments at Exhibit A and B assigning all of Defendant's music to the Plaintiff.  Furthermore, Exhibits A and B are notarized, therefore, they serve as prima facie evidence of the transfer of the copyrights in Defendant's music pursuant to 17 U.S.C. §204(b)(1).  Although, the assignments do not explicitly mention the terms "copyright" or "transfer", it is clearly undisputed based upon the intent of the Defendant and the language of the assignments themselves that Defendant transferred the copyrights in his music to the Plaintiff.  As stated in *Effects Assocs.,* 908 F.2d at 557, the subject writing, in this particular matter Exhibits A and B, "doesn't have to be the Magna Charta; a one-line pro forma statement will do."  Plaintiff respectfully submits that it has satisfied this writing requirement.

### B.  Plaintiff Is Entitled To 20% Of Defendant's Earnings From Musical Performances From September 29, 2005 And Beyond

10

Based on the undisputed terms and conditions of Exhibit A and B, the Defendant has agreed that the Plaintiff is entitled to 20% of Defendant's earnings from musical performances from September 29, 2005 and beyond. The documents at Exhibit A and B speak for themselves and cannot be any clearer on this issue, yet, Defendant has failed to provide or account for these sums to the Plaintiff.

### C. Plaintiff Is Entitled To A Verified Accounting Of All Of Defendant's Earnings From Either The Sale, Licensing, Or Transfer Of Musical Works As Well As Musical Performances, From September 29, 2005 Through The Date Of The Court's Order

Based on the fact that the Defendant has granted the Plaintiff 20% of his earnings from musical performances from September 29, 2005 and beyond, as well as the undisputed fact that the Defendant has performed musically since September 29, 2005 and has not accounted or remitted to the Plaintiff 20% of Defendant's earnings, Plaintiff is entitled to a verified accounting of all of Defendant's earnings from either the sale, licensing, or transfer of musical works as well as musical performances, from September 29, 2005 through the date of the Court's Order.

### V. CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court issue the Declarative relief that the Plaintiff is the copyright owner of Defendant's musical works and that Plaintiff is entitled to 20% of Defendant's earnings from September 29, 2005 and beyond based on an amount to be determined by a Court Ordered verified accounting by the Defendant to the Plaintiff of all earnings from either the sale, licensing, or transfer of musical works as well as musical performances, from September 29, 2005 through the date of the Court's Order.

Dated: February 11, 2009              s/ Hattem Beydoun
                                      Hattem A. Beydoun
                                      Dobrusin & Thennisch, P.C.
                                      Attorneys for Plaintiff
                                      29 W. Lawrence Street, Suite 210
                                      Pontiac, MI  48342
                                      (248) 292 2920
                                      hbeydoun@patentco.com
                                      P66071

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2009, I electronically filed:

**PLAINTIFF'S MOTION AND BRIEF IN SUPPORT
FOR SUMMARY JUDGMENT MOTION**

with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

N/A

I further certify that a copy of the foregoing document was sent to the following non-ECF participant:

Charles Odell Latimer
P.O. Box 14065
Detroit, MI  48214

s/ Hattem Beydoun
Hattem A. Beydoun
Dobrusin & Thennisch, P.C.
Attorneys for Plaintiff
29 W. Lawrence Street, Suite 210
Pontiac, MI  48342
(248) 292 2920
hbeydoun@patentco.com
P66071