UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY ELLEN VANCE,

       Plaintiff,

                             CASE NO. 2:08-CV-10632
                             JUDGE GERALD E. ROSEN
                             MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CHARLES ODELL LATIMER,

       Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF
COUNTS VII, VIII, AND IX OF THE VERIFIED COMPLAINT (Doc. Ent. 11)**
Table of Contents

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     C.    The Instant Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     D.    Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     E.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          1.     Defendant has admitted several of plaintiff's verified factual allegations. . . . . . . . . . . . 7
          2.     Defendant has admitted some of plaintiff's verified claims in Count I (Copyright
                Infringement), Count III (Unfair Trade Practices under Mich. Comp. Laws § 445.903),
                and Count IV (Conversion). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
          3.     Plaintiff has shown that a genuine dispute does not exist as to any material fact and that at
                trial she would be entitled to a directed verdict. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
               a.     Count VIII (Declaratory judgment of ownership of the defendant's music and
                      musical works). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
               b.     Count IX (Declaratory relief under 28 U.S.C. § 2201, et seq., seeking a
                      declaration that plaintiff is entitled to 20% of defendant's earnings from musical
                      performances from September 29, 2005, and beyond). . . . . . . . . . . . . . . . . . 16
               c.     Count VII (Accounting) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
          4.     Defendant has not demonstrated that a triable issue of fact exists. . . . . . . . . . . . . . . . 21
          5.     I have referred this case to the Michigan Trial Lawyers Association pro bono program on
                defendant's behalf. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

I.      **RECOMMENDATION:** The Court should grant in part and deny in part plaintiff's

motion for summary judgment of Counts VII, VIII, and IX of the verified complaint.  Doc. Ent.

11.  Specifically, the Court should conclude that plaintiff is entitled to summary judgment to the

extent Count VIII seeks a declaration that she owns whatever rights defendant had in his music.

The Court should also conclude that plaintiff is entitled to summary judgment to the extent

Count IX seeks a declaration that she is entitled to 20% of defendant's earnings from musical

performances from September 29, 2005 and beyond.  Finally, the Court should conclude that

plaintiff is not entitled to summary judgment on her claim for an accounting (Count VII).

II.     **REPORT:**

A.      **Background**

        Charlie Latimer has a compact disc titled, "Through the Years," on which there are

twenty (20) tracks.  Doc. Ent. 1 at 41-42.  Allegedly, the creation of this work was completed in

2005 and was first published on September 10, 2005.  Doc. Ent. 1 at 4-5 ¶ 7, 45.

        On September 29, 2005, Latimer signed a notarized statement that "Nancy Ellen Vance is

the sole owner of all my music TO be used at her discretion.  She also will receive 20% of all my

earnings from musical performances."  Doc. Ent. 1 at 35.  On October 1, 2005, Latimer signed a

notarized statement, which provided:

> Nancy Ellen Vance is the sole owner of all my music, which may be used at her
> discretion.  Nancy Ellen Vance will receive 20% of all my earnings from musical
> performances indefinitely. She will receive this portion before payment to
> accompaniment, taxes, or any other expense.  Payment from performances will be
> separate from any other money owed to her by me.

Doc. Ent. 1 at 38.  On Sunday, October 2, 2005, Latimer gave a musical performance at the

Rochester Hills Public Library.  Doc. Ent. 1 at 10 ¶ 24; Doc. Ent. 4 at 4 ¶ 24; Doc. Ent. 12 at 2-3.

B.      **The Complaint**

On or about January 15, 2008, Vance applied for a copyright on "Charlie Latimer: Through The Years."  Doc. Ent. 1 at 44-46.  It does not yet appear that plaintiff's application has been assigned a registration number.

On February 13, 2008, Vance filed a verified complaint against Latimer based upon the Copyright Act (17 U.S.C. § 101 et seq.), the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202) and the Lanham Act (15 U.S.C. §§ 1051-1141n).  Doc. Ent. 1 ¶ 1, Doc. Ent. 1 at 32.

Plaintiff's complaint alleges (I) copyright infringement, (II) unfair competition under 15 U.S.C. § 1125(a), (III) unfair trade practices under Mich. Comp. Laws § 445.903, (IV) conversion, (V) breach of contract, (VI) common law unjust enrichment, (VII) accounting, (VIII) declaratory judgment of ownership of the defendant's music and musical works, and (IX) declaratory relief under 28 U.S.C. § 2201, et seq., seeking a declaration that plaintiff is entitled to 20% of defendant's earnings from musical performances from September 29, 2005, and beyond.  Doc. Ent. 1.  According to the "[r]eport on the filing or determination of an action or appeal regarding a copyright," the title of the work at issue is "Charlie Latimer: Through The Years[.]" Doc. Ent. 2 at 2.

Defendant filed an answer to the complaint on March 25, 2008.  Doc. Ent. 4.  On September 12, 2008, I entered a scheduling order setting the discovery deadline for January 12, 2009 and the dispositive motion cutoff for February 12, 2009.  Doc. Ent. 9.  Subsequently, the close of discovery was extended to February 12, 2009, and the dispositive motion cutoff was extended to March 12, 2009.  Doc. Ent. 13.[1]

_____

[1]Plaintiff's January 12, 2009 motion for a thirty (30) day extension of the discovery period and dispositive motion cutoff date (Doc. Ent. 10) was granted nunc pro tunc on April 3, 2009.  Doc. Ent. 13.

**C.      The Instant Motion**

Judge Rosen has referred this case to me to conduct all pretrial matters.  Doc. Ent. 5.

Currently before the Court is plaintiff's February 11, 2009 motion for summary judgment

regarding Counts VII, VIII and IX of the verified complaint.  Doc. Ent. 11.  Specifically,

plaintiff argues that she (A) "is the copyright owner of defendant's musical works[,]" (B) "is

entitled to 20% of defendant's earnings from musical performances from September 29, 2005

and beyond[,]" and (C) she "is entitled to a verified accounting of all of defendant's earnings

from either the sale, licensing, or transfer of musical works as well as musical performances,

from September 29, 2005 through the date of the Court's order[.]" Doc. Ent. 11 at 3.

Plaintiff filed a response on March 4, 2009.  Doc. Ent. 12. In sum, defendant contends

that the September 29, 2005 and October 1, 2005 agreements "were signed under extreme

duress."  Doc. Ent. 12 at 2.

**D.      Fed. R. Civ. P. 56**

Under Rule 56, summary judgment should be granted "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue of material fact and that the moving party is entitled to judgment as a

matter of law."  FED. R. CIV. P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a

reasonable jury could return a verdict for the non-moving party."  *Hedrick v. Western Reserve

Care System*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the

4

lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248).[2]  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

The moving party's initial burden differs depending on whether the non-movant or the movant bears the ultimate burden of proof on the issue on which summary judgment is sought. In the former case, "[t]he moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

---

[2]*See also Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) ("A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties.") (citing *Johnson v. Soulis*, 542 P.2d 867, 872 (Wyo. 1975) (quoting BLACK'S LAW DICTIONARY 881 (6th ed.1979)).

However where "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F.Supp. 1325, 1335 (D. Colo. 1997); *see also*, *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992). In other words, in such a case the movant "must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-

6

moving party." *Sutherland*, 344 F.3d at 613.

**E.      Analysis**

**1.       Defendant has admitted several of plaintiff's verified factual allegations.**

The factual background of plaintiff's verified[3] complaint is set forth at ¶¶ 4-26.  Vance

alleges that, at some point after the transfer and assignments were executed, Latimer, "without

authority, consent, permission, or license from [Vance], began to offer, promote, provide, sell,

and disseminate a musical work that [Latimer] has named "Charlie Latimer – I'll Sing A Song

For You"[4] . . . which contains content which copies, simulates and/or imitates [Vance's]

musical compilation, tangible produce, and [Vance's] Copyright Filing, and, accordingly,

infringes upon the Plaintiff's Copyright filing within the meaning of the U.S. Copyright Act[,]"

particularly 17 U.S.C. § 501 ("Infringement of copyright").  Doc. Ent. 1 at 7 ¶ 17.  Defendant

admits this allegation.  Doc. Ent. 4 ¶ 17.

Defendant admits that "[his] acts of offering, promoting, providing, selling, and

disseminating the Defendant's CD to the public within this judicial district" is "in breach, and a

violation of, the [two agreements] in that the Plaintiff is the sole owner of any and all musical

rights of the Defendant embodied in the Defendant's CD[,]" and "constitutes acts of unfair

competition, passing off, and reverse passing by creating a false association that the Defendant

---

[3]Doc. Ent. 1 at 32; 25 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury").

[4]This compact disc purports to contain twelve (12) tracks, all but one (1) of which appear to be duplicates of tracks on Latimer's, "Through The Years."  Doc. Ent. 1 at 49.  Plaintiff alleges, and defendant admits, that "[d]efendant's actions constitute infringement of Plaintiffs' Copyright Filing and exclusive rights under 17 U.S.C. § 101 et seq, and §501 in particular in that Defendant's CD . . . copies and contains overlapping musical tracks and content found in the Plaintiff's musical compilation."  Doc. Ent. 1 ¶ 36; Doc. Ent. 4 ¶ 36.

has authority to provide and sell the Defendant's CD which contains musical rights that are actually owned by the Plaintiff by virtue of [the two agreements]."  Doc. Ent. 1 ¶¶ 18-19; Doc. Ent. 4 ¶¶ 18-19.

Plaintiff alleges, and defendant admits, that defendant "has sold and provided the Defendant's CD to the public within this judicial district on at least October 20, 2007 at the Musical Extravaganza Benefit for the Church of the Holy City located in Royal Oak, Michigan." Doc. Ent. 1 ¶ 20; Doc. Ent. 4 ¶ 20.

Defendants admits that "[a]t some time in the recent past on a date not yet known to Plaintiff, but after the September 29, 2005 agreement . . . and the October 1, 2005 agreement[,] Defendant has provided and engaged in musical performances within this judicial district without notifying, providing, or remitting to Plaintiff the 20% of earnings for such musical performances due and owing to the Plaintiff by the Defendant in accordance with the written requirements of the September 29, 2005 agreement . . and the October 1, 2005 agreement[.]" Doc. Ent. 1 ¶ 21; Doc. Ent. 4 ¶ 21.

Plaintiff alleges, and defendant admits, that defendant's "acts of providing and engaging in musical performances within this judicial district, without notifying, paying, or remitting to the Plaintiff the 20% of the earnings for such musical performances due and owing to the Plaintiff by the Defendant in accordance with the written requirements of the September 29, 2005 agreement . . . and the October 1, 2005 agreement[,] is a breach and violation of [these agreements].  Doc. Ent. 1 ¶ 22; Doc. Ent. 4 ¶ 22.

Defendant further admits that "[his] acts of providing and engaging in musical performances within this judicial district, without notifying, paying, or remitting to the Plaintiff

8

the 20% of the earnings for such musical performances due and owing to the Plaintiff by the Defendant in accordance with the written requirements of the September 29, 2005 agreement . . . and the October 1, 2005 agreement . . . require the Defendant to provide Plaintiff with an accounting of all earnings received by the Defendant for musical performances provided by the Defendant from at least September 29, 2005 to the present."  Doc. Ent. 1 ¶ 23; Doc. Ent. 4 ¶ 23.

In her complaint, plaintiff sets forth several instances of alleged infringement.  Doc. Ent. 1 ¶¶ 20, 24.  Defendant admits these allegations.  Doc. Ent. 4 ¶¶ 20, 24.

Defendant admits that "[his] actions and infringing nature of [his] CD constitute a calculated, methodical effort to not only copy the Plaintiff's musical compilation and Plaintiff's Copyright Filing, but to obtain additional unfair advantage by deliberately and knowingly selling a tangible good or product in commerce which does not emanate from the Plaintiff, who is the sole owner of the Defendant's musical rights by virtue of the written requirements of the September 29, 205 agreement . . . and the October 1, 2005 agreement[.]" Doc. Ent. 1 ¶ 25; Doc. Ent. 4 ¶ 25.

Defendant also admits that "[his] acts of providing and engaging in musical performances within this judicial district in at least the venues and locations set forth at Paragraph 24 above, without notifying, paying, or remitting to the Plaintiff the 20% of the earnings for such musical performances due and owing to the Plaintiff by the Defendant are a deliberate and intentional breach and violation of the written requirements of the September 29, 2005 agreement . . . and the October 1, 2005 agreement[.]"  Doc. Ent. 1 ¶ 26; Doc. Ent. 4 ¶ 26.

**2.     Defendant has admitted some of plaintiff's verified claims in Count I (Copyright Infringement), Count III (Unfair Trade Practices under Mich. Comp. Laws § 445.903), and Count IV (Conversion).**

9

"[A] plaintiff must prove two things in order to establish a copyright infringement claim: first, that he had ownership of a valid copyright; second, that another person copied a protected interest in the work." *Coles v. Wonder*, 283 F.3d 798, 801 (6th Cir. 2002). "While copyright protection dates from the time that an artist creates an original work that may be copyrighted, such as a song, a cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act." *Coles*, 283 F.3d at 801 (citing 17 U.S.C. § 411(a)).[5]

There are several substantive paragraphs of Count I (Copyright Infringement) which defendant admits in his answer. For example, defendant admits that he, "by virtue of his past personal and professional relationship with the Plaintiff had access to and/or otherwise obtained a copy of Plaintiff's musical composition in 2005 and used that copy to create, prepare, and produce the Defendant's CD." Doc. Entries 1 and 4 ¶ 28. Also, defendant admits that he "has

---

[5]This Court's jurisdiction over plaintiff's copyright infringement claim is questionable. According to an online search of the United States Copyright Office's Copyright Records, Nancy Ellen Vance is the copyright claimant to a 2004 Charlie Latimer photograph. *See* www.copyright.gov. In fact, the cover of "Charlie Latimer – Through the Years" states that photos are by Nancy Ellen Vance and Betty Wagner. Doc. Ent. 1 at 42.

Therefore, it appears that plaintiff's application for a copyright as to the CD is still pending. As one court has stated, "[t]he combination of [17 U.S.C. §§] 410 ["Registration of claim and issuance of certificate"] and 411 ["Registration and civil infringement actions"] thus make plain that the federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved or refused the pending application for registration." *Corbis Corp. v. UGO Networks, Inc.*, 322 F.Supp.2d 520, 521 (S.D.N.Y. 2004). *See also Greene v. Columbia Records/Sony Music Entertainment Inc.*, 2004 WL 3211771, 3 (S.D.N.Y. Mar. 4, 2004) ("The plain language of Section 411(a) indicates that a federal district court lacks subject matter jurisdiction over a claim for federal copyright infringement until the Copyright Office has approved or refused the pending application for copyright registration."). *But see Foraste v. Brown University*, 248 F.Supp.2d 71, 77 (D.R.I. 2003) ("The plain language of [17 U.S.C. § 410(d)] suggests that the registration occurs on the day the Copyright Office receives all of the necessary application materials (application, deposit, and fee).").

been and is engaging in copyright infringement by offering, providing, promoting, and disseminating his goods consisting of Defendant's CD which is substantially similar to Plaintiff's prior musical compilation, including the Plaintiff's Copyright Filing, in a manner and format substantially similar to the Plaintiff's Copyright Filing.  Defendant has purposefully copied, sold, and disseminated an authorized version of Plaintiff's musical compilation and Plaintiff's Copyright Filing and otherwise promoted his music and Defendant's CD on the internet."  Doc. Entries 1 and 4 ¶ 29.  Finally, defendant admits that his actions "constitute infringement of Plaintiffs' Copyright Filing and exclusive rights under 17 U.S.C. § 101 et seq, and §501 in particular in that Defendant's CD . . . copies and contains overlapping musical tracks and content found in the Plaintiff's musical compilation."  Doc. Entries 1 and 4 ¶ 36.

Furthermore, there are several substantive paragraphs of plaintiff's complaint to which defendant's answer does not respond.  *See* Doc. Entries 1 and 4, Count I (¶¶ 34, 38, 39, 40); Count III (¶ 49); Count IV (¶ 51).  Fed. R. Civ. P. 8(b)(6) provides that "[a]n allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied.  If a responsive pleading is not required, an allegation is considered denied or avoided."

Therefore, defendant's admissions as to Count I (Copyright Infringement) include plaintiff's allegations that "[a]mong the exclusive rights available to the Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce the Plaintiff's musical compilation, prepare derivative works, perform, and to distribute the Plaintiff's musical compilation to the public[,]" Doc. Ent. 1 at 13 ¶ 34, and (2) "[a]s a result of Defendant's infringement of Plaintiff's Copyright Filing and exclusive rights under copyright law, Plaintiff's entitled to statutory damages pursuant

11

to 17 U.S.C. § 504(c)[6] for Defendant's infringement and/or willful infringement of the Work and/or actual damages sustained by Plaintiff and or other remedies allowed by the U.S. Copyright Act[,]" Doc. Ent. 1 at 14 ¶ 38.

**3.    Plaintiff has shown that a genuine dispute does not exist as to any material fact and that at trial she would be entitled to a directed verdict.**

**a.    Count VIII (Declaratory judgment of ownership of the defendant's music and musical works).**

Plaintiff's claim for a declaratory judgment of ownership of the defendant's music and musical works is set forth at ¶¶ 70-79 of the complaint.  Defendant denies each of the substantive paragraphs of this cause of action.  Doc. Ent. 4 ¶¶ 71-79.

Plaintiff's claims under the Declaratory Judgment Act are based upon 28 U.S.C. §§ 2201-2202.  Doc. Ent. 1 ¶¶ 1, 70.  Title 28 U.S.C. §§ 2201(a) provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  Furthermore, 28 U.S.C. § 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

To begin, the Court should consider whether exercising its discretion under the Declaratory Judgment Act would be proper.  "In considering whether a district court properly exercised this discretion, [the Sixth Circuit has] focused on the five factors first articulated in

_____

[6]17 U.S.C. § 504 ("Remedies for infringement: Damages and profits").

12

*Grand Trunk [Western R.] Co. v. Consol. Rail Co.*:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the
> legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of
> "procedural fencing" or "to provide an arena for res judicata;"
> (4) whether the use of a declaratory action would increase friction between our
> federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Grand Trunk Western
R. Co.*, 746 F.2d 323, 326 (6th Cir.1984) (formatting altered)). *See Florists' Transworld
Delivery, Inc. v. Fleurop-Interflora*, 261 F.Supp.2d 837, 846-847 (E.D. Mich. 2003) (Hood, J.)
(granting defendants' request to dismiss plaintiff's claim for declaratory relief, where
"[d]efendants claim[ed] that since Plaintiffs' alleged claim ha[d] already ripened into a cause of
action, seeking declaratory judgment at this juncture would serve no purpose[.]"); *Sentry Ins. A
Mut. Co. v. Flom's Corp.*, 818 F.Supp. 187, 190 (E.D. Mich. 1993) (Duggan, J.) (applying the
five factors and concluding that "this Court shall exercise its discretion to declare whether Sentry
has a duty to defend Flom's and Tarnoff in the pending lawsuit against Flom's and Tarnoff.").

Applying these factors to this case, a determination of the ownership of defendant's
music would settle and clarify the legal relationship between plaintiff and defendant - one which
forms the foundation for much of this lawsuit. *Edison Bros. Stores, Inc. v. Broadcast Music,
Inc.*, 954 F.2d 1419, 1420 (8th Cir. 1992) (affirming district court's "decision to grant summary
judgment in favor of Edison Brothers Stores, Inc., in Edison's suit for a declaratory judgment that
its stores qualify for an exemption from the vesting of exclusive rights of performance in the
owners of copyrighted works.") (internal footnote omitted). Furthermore, it does not appear that
plaintiff seeks this release to encroach upon the jurisdiction of the State of Michigan.

Next, the Court should consider whether plaintiff is entitled to summary judgment on her claim that she is the sole owner of defendant's music. Specifically, plaintiff "seeks a declaration that she is the sole owner of the Defendant's music by virtue of the Plaintiff's rights in the September 29, 2005 written agreement set forth at Exhibit A . . . and the October 1, 2005 written agreement set forth at Exhibit B." Doc. Ent. 1 at 24 ¶ 79. *See also* Doc. Ent. 1 at 23 ¶ 76.

"Under the Copyright Act, the owner of a copyright has the exclusive right to copy, distribute or display his work." *MacLean Associates, Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 778 (3d Cir. 1991); 17 U.S.C. § 106. "The owner of a copyright can transfer ownership of the copyright by selling it or by exclusively licensing it." *MacLean Associates, Inc.*, 952 F.2d at 778; 17 U.S.C. § 101. "Exclusive licenses must, however, be in writing." *Id.*; 17 U.S.C. § 204(a).[7]

In her motion, plaintiff contends she "is the copyright owner of defendant's musical works[.]" Doc. Ent. 11 at 10. Here, plaintiff relies upon 17 U.S.C. § 204(b)(1), which provides that "[a] certificate of acknowledgment is not required for the validity of a transfer, but is prima facie evidence of the execution of the transfer if– (1) in the case of a transfer executed in the United States, the certificate is issued by a person authorized to administer oaths within the United States[.]" 17 U.S.C. § 204(b)(1). Citing Section 204(b)(1), plaintiff contends that the two agreements are notarized, "therefore, they serve as prima facie evidence of the transfer of the copyrights in Defendant's music[.]" Doc. Ent. 11 at 10.

---

[7]Section 204 provides that "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).

As at least one court has stated, "Section 204's writing requirement is not unduly burdensome; it necessitates neither protracted negotiations nor substantial expense.  The rule is really quite simple:  If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so.  It doesn't have to be the Magna Charta; a one-line pro forma statement will do." *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990).  *See also Gilleland v. Schanhals*, 55 Fed.Appx. 257 (6th Cir. 2003). Citing *Effects Associates, Inc.*, plaintiff contends that although "the assignments do not explicitly mention the terms 'copyright' or 'transfer', it is clearly undisputed based upon the intent of the Defendant and the language of the assignments themselves that Defendant transferred the copyrights in his music to the Plaintiff."  Doc. Ent. 11 at 10.

The Court should agree that plaintiff "has satisfied [Section 204's] writing requirement." Doc. Ent. 11 at 10.  Therefore, she is entitled to summary judgment to the extent Count VII seeks a declaration that she owns whatever rights defendant had in his music.

However, the Court should disagree that plaintiff is entitled to summary judgment to the extent Count VII seeks a declaration that "[p]laintiff is the copyright owner of Defendant's musical works[.]"  Doc. Ent. 11 at 11.  Plaintiff is claiming copyright ownership by transfer of the claim, and plaintiff can only transfer what he had.  Therefore, just because plaintiff is entitled to a declaration that she is the owner of whatever rights plaintiff had in his work, does not automatically mean she is entitled to a declaration that she is the copyright owner of Defendant's musical works.  Plaintiff has not presented any evidence that defendant is the sole owner in the copyright of this work or that plaintiff and defendant shared sole ownership of the copyright in this work.  *See Jerry Vogel Music Co. v. Forster Music Publisher*, 147 F.2d 614, 615 (2d Cir.

15

1945) ("The appellee established a prima facie case by producing the copyright certificate, and

while *the ultimate burden was upon it to establish its right to a declaratory judgment of sole

ownership of the copyrighted publication*, the appellant had the burden of establishing its

affirmative defense[.]") (emphasis added); 17 U.S.C. § 410 ("Registration of claim and issuance

of certificate").  To the extent, if at all, there is someone else out there who has a copyright in

this work, the Court cannot declare that plaintiff is the sole owner.

**b.      Count IX (Declaratory relief under 28 U.S.C. § 2201, et seq., seeking a declaration
that plaintiff is entitled to 20% of defendant's earnings from musical performances
from September 29, 2005, and beyond).**

Plaintiff's claim for declaratory relief is set forth at ¶¶ 80-89 of the complaint.  Defendant

denies each of these allegations.  Doc. Ent. 4 ¶¶ 80-89.

Here, too, it is worth mentioning that plaintiff's claims under the Declaratory Judgment

Act are based upon 28 U.S.C. §§ 2201-2202.  Doc. Ent. 1 ¶¶ 1, 80.  In considering the *Grand

Trunk Western R. Co.* factors' applicability to Count IX, which sounds in contract terms, I note

that plaintiff has alleged a separate breach of contract claim in Count V.[8]  For example, in Count

---

[8]Breach of contract claims are separate from the Copyright Act.  "Courts have concluded
that breach of contract claims, including nonpayment of royalties, failure to give proper
authorship credit, or failure to pay a share of revenue, are not claims brought under the
Copyright Act."  *Morgan v. Hawthorne Homes, Inc.*, No. 04-1809, 2007 WL 2823333, 2 (W.D.
Pa. Sept. 26, 2007) (citing *Wolfe v. United Artists Corp.*, 583 F.Supp. 52, 56 (E.D. Pa. 1983)
(citing *Stepdesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32, 33 (S.D.N.Y.1977))).  "As a
general rule, breach of contract claims are not preempted by the Copyright Act.  For Plaintiff's
contract claim, a violation of the exclusive rights of [17 U.S.C. § 106][] does not give rise to a
cause of action.  In addition to violation of those rights, Plaintiff must prove formation of a
contract, performance by Plaintiff, failure to perform by Defendant and damages.  As a violation
of the exclusive rights of section 106 does not constitute breach of contract in itself, Plaintiff's
contract claims are not preempted."  *Hustlers Inc. v. Thomasson*, 253 F.Supp.2d 1285, 1293
(N.D. Ga. 2002) (internal citation omitted).

*See also Stipelcovich v. Directv, Inc.*, 129 F.Supp.2d 989, 991 (E.D. Tex. 2001) ("[A]n
accounting should not be preempted from state law but instead be ordered subsequent to a

IX plaintiff alleges that "[d]efendant's actions and conduct of providing and engaging in musical performances without providing the Plaintiff with the 20% allocation of earnings required under [the agreements] effectively clouds the Plaintiff's contractual rights, deprives the Plaintiff of such earnings, and/or otherwise impairs Plaintiff's economic expectancy relating to the musical performances." Doc. Ent. 1 at 25 ¶ 85. Ultimately, plaintiff "seeks a declaration that she is properly entitled to receive 20% of all of the Defendant's earnings from musical performances from at least as early as September 29, 2005 into perpetuity as provided for in the September 29, 2005 written agreement set forth at Exhibit A hereto and the October 1, 2005 written agreement set forth at Exhibit B." Doc. Ent. 1 at 26-27 ¶ 89.

It is not clear how useful such a declaration would be. To be sure, a declaration that plaintiff is entitled to 20% of defendant's earnings from musical performances from September 29, 2005 and beyond is merely restating the terms of the contract. Such a declaration would not interpret the terms of the agreements and would not settle any question about its formation. However, as was the case with respect to Count VIII, it does not appear that plaintiff seeks to encroach upon the jurisdiction of the State of Michigan. Therefore, the Court should exercise its discretion regarding plaintiff's request for a declaration as to Count IX.

---

determination of substantive rights; the additional element of a publisher's implicit promise to pay royalties takes a breach of contract out of copyright and into state law; the conversion was of tangible money instead of an intangible copyright; and the claim of unjust enrichment was an extension of the claim of breach of contract[.]"); *C & C Entertainment, Inc. v. Rios-Sanchez*, 208 F.Supp.2d 139, 143 (D. Puerto Rico 2002) (internal citations omitted); *C & C Entertainment, Inc. v. Rios-Sanchez*, 208 F.Supp.2d 139, 143 (D. Puerto Rico 2002) (internal citations omitted) ("Plaintiffs' sole remedy for a breach of a royalty agreement, however, would be an action for monetary damages-the Copyright Act need not be construed. The issue is, therefore, a contractual one and, even though the contract concerns a copyright, it does not grant the federal courts jurisdiction over what is essentially a garden variety contract dispute. This is simply a state law claim which was not even asserted in the complaint."

In her motion, plaintiff argues that she "is entitled to 20% of defendant's earnings from musical performances from September 29, 2005 and beyond[.]" Doc. Ent. 11 at 10-11. Plaintiff contends that "[b]ased upon the undisputed terms and conditions of [the two agreements], the Defendant has agreed that the Plaintiff is entitled to 20% of Defendant's earnings from musical performances from September 29, 2005 and beyond." Plaintiff further contends that "[t]he documents . . . speak for themselves and cannot be any clearer on this issue, yet, Defendant has failed to provide or account for these sums to the Plaintiff." Doc. Ent. 11 at 11.

Plaintiff has provided two notarized documents which are signed by the person against whom plaintiff seeks to enforce them. The Court should conclude that plaintiff has established that she is "entitled to 20% of defendant's earnings from musical performances from September 29, 2005 and beyond[,]" Doc. Ent. 1 at 24 (Count IX), and should declare that plaintiff is entitled to "receive 20% of all [defendant's] earnings from musical performances indefinitely." Doc. Ent. 1 at 38 (Oct. 1, 2005), Doc. Ent. 1 at 35 (Sept. 29, 2005). Therefore, plaintiff is entitled to summary judgment on Count IX.[9]

**c.     Count VII (Accounting)**

Plaintiff's claim for an accounting is set forth at ¶¶ 63-69 of the complaint. Defendant admits that he "has received and derived earnings, and continues to derive and receive earnings, from the provision of musical performances and musical performance services to the public wherein Defendant is obligated under the September 29, 2005 written agreement . . . and the

---

[9]The conclusion of plaintiff's motion for summary judgment seeks a declaration that "Plaintiff is entitled to 20% of Defendant's earnings from September 29, 2005 and beyond[.]" Doc. Ent. 11 at 11. My conclusion is limited to *earnings from musical performances*, as stated in the two agreements (Doc. Ent. 1 at 35, 38) and in the body of plaintiff's motion (Doc. Ent. 11 at 10).

18

October 1, 2005 written agreement . . . to pay, remit, and provide to Plaintiff 20% of all earnings from such musical performances on an on-going basis."  Doc. Ent. 1 ¶ 65; Doc. Ent. 4 ¶ 65. Defendant further admits that he "has not paid, remitted, or provided any financial sums or records of such earnings from musical performances to the Plaintiff."  Doc. Ent. 1 at ¶ 66; Doc. Ent. 4 ¶ 66.

On the other hand, defendant denies that he "is receiving, and continues to receive, earnings from musical performances on an on-going basis of which 20% of such earnings needs to be accounted for, and provided to, the Plaintiff under the express terms of the September 29, 2005 [and October 1, 2005] written agreement[s][.]"  Doc. Ent. 1 at 21 ¶ 67; Doc. Ent. 4 ¶ 67. Defendant also denies that "the acts of the Defendant have resulted in an inequity in violation of [the two agreements] and the common law of the State of Michigan which requires an audit and accounting of all revenues and earnings of the Defendant from musical performances from at least September 29, 2005 to the present."  Doc. Ent. 1 ¶ 68; Doc. Ent. 4 ¶ 68.  Finally, defendant denies that "[t]he acts of the Defendant are causing irreparable injury to Plaintiff's rights in [the two agreements][,]" and defendant denies that "[p]laintiff has no adequate remedy at law and said acts will continue unless this Court orders an accounting of all revenues and earnings of the Defendant from musical performances from at least September 29, 2005 to the present."  Doc. Ent. 1 ¶ 69; Doc. Ent. 4 ¶ 69.

By her motion for summary judgment, plaintiff seeks "issuance of an Order for the Defendant to provide a verified accounting [by the Defendant] to the Plaintiff of all earnings from either the sale, licensing, or transfer of musical works, as well as musical performances, from September 29, 2005 through the date of the Court's Order."  Doc. Ent. 11 at 2, 11.

It has been explained that:

Suits for accounting originated in the common law courts, but they were narrow in scope in that they only applied against persons having a legal duty to account to plaintiff, such as guardians and receivers. Furthermore, the procedures were cumbersome, and the accounting action was soon replaced in large part at common law by the action of general assumpsit for money had and received, in which all issues were triable to the jury.

In equity, there developed both a concurrent and exclusive jurisdiction over matters of account. Concurrent jurisdiction could be invoked when the claims involved were legal, but the complicated nature of the account rendered the legal remedy inadequate. When the claims involved were equitable, jurisdiction in equity over the accounting was exclusive.

*Siegel v. Warner Bros. Entertainment Inc.*, 581 F.Supp.2d 1067, 1071 (C.D. Cal. 2008) (quoting 8 James Wm. Moore, Moore's Federal Practice § 38.31[1][a] at 38-76 (3rd ed. 2008)); *In re Bonds Distributing Co., Inc.*, No. 97-52130C-7W, 98-6044, 2000 WL 33682815, *12-*13 (Bkrtcy. M.D.N.C. Nov. 15, 2000) (same). *See also Phillips v. Kaplus*, 764 F.2d 807, 814 (11th Cir. 1985) ("In conclusion, we are convinced that the trial court correctly determined that the issues presented below were equitable, and that therefore no jury trial was mandated. Plaintiffs' request for rescission of the sale of their partnership interest, a reformation of that partnership, and a subsequent winding up and accounting of partnership affairs all presented traditional equitable proceedings, and the district court was correct in denying a jury trial on these issues.").

Furthermore, at least one Court has stated that "the necessary corollary of the Section 504(b) formulation-which applies whenever the copyright owner does not claim statutory damages-is that the owner is entitled to an accounting of the infringer's profits. This Court therefore orders Committee to provide such an accounting forthwith." *Respect Inc. v. Committee on Status of Women*, 821 F.Supp. 531, 532 (N.D.Ill. 1993); *Whelan Associates, Inc. v. Jaslow*

20

*Dental Laboratory, Inc.*, 609 F.Supp. 1325, 1327 (E.D. Pa. 1985) ("Plaintiff's motion seeks a further accounting for the Dentcom IBM-PC licenses sold after the last day of the trial, July 11, 1984.  The plaintiff is entitled to such an accounting, and the judgment will be amended to require one.").

However, it is not clear how much, if any, discovery has taken place, and at least one Michigan court has stated that "[a]n accounting may not be had where the action is for a specific sum due under a contract.  *An accounting is unnecessary where discovery is sufficient to determine the amounts at issue.*"  *Boyd v. Nelson Credit Centers, Inc.*, 132 Mich.App. 774, 779, 348 N.W.2d 25, 27 (1984) (internal and external citations omitted) (emphasis added).  Furthermore, as to Counts III, IV, V, VI, VII, plaintiff's complaint specifically states that it "relate[] to a claim involving subject matter and harm to the Plaintiff which is independent and different in nature from claims and subject matter that may be preempted by the U.S. Copyright Act."  Doc. Ent. 1 ¶¶ 48, 50, 52, 59, 64.

Therefore, the Court should conclude that an accounting is unnecessary.  Accordingly, the Court should deny plaintiff's motion for summary judgment as to Count VII.

**4.      Defendant has not demonstrated that a triable issue of fact exists.**

Defendant Latimer, who is proceeding pro se, has only filed two documents in this case - his March 25, 2008 answer (Doc. Ent. 4) and his March 4, 2009 response (Doc. Ent. 12).  Plaintiff's answer is made up several assertions of "I admit" or "I deny".  Plaintiff's March 4, 2009 response, states in toto:

> It is my position that this motion should be denied & that both Exhibit "A" and Exhibit "B" were signed under extreme duress and therefore should be deemed in valid.

21

> Miss Vance threatened to disrupt my performance at the Rochester Hills Library if I did not sign both Exhibit "A" and "B"[.]
>
> I would never have signed had I not been threatened.
>
> She said that if I showed up for the performance she would file a complaint (which would have been false) with the Rochester Hills Police.
>
> There numerous phone calls from Miss Vance and I was afraid she would act on her threats so, I felt I had no choice but to sign what she wanted me to sign.
>
> The performance was to take & did take place on Sunday Oct. 2, 2005.
>
> The threats from Miss Vance began on Sept. 29th 2005 & continued until I signed Exhibit "A" & "B".
>
> Again, I signed under extreme duress otherwise I never would ever signed anything like that ever.

Doc. Ent. 12.

It is fair to say that defendant's response asserts duress as a defense to plaintiff's claim(s).  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers[.]").  Furthermore, these claims are more than conclusory.  *See Daniel v. Cox*, No. 96-5283, 1997 WL 234615, *2 (6th Cir. May 6, 1997) (unpublished) (conclusory assertions are insufficient for purposes of surviving summary judgment).  However, there are several reasons why this assertion is insufficient to oppose plaintiff's motion for summary judgment.

First, the assertion of duress as a defense does not comport with Fed. R. Civ. P. 8(b)(1)(A) or Fed. R. Civ. P. 8(c)(1).  Specifically, Fed. R. Civ. P. 8(b) provides that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).  Furthermore, Rule 8 provides that "[i]n responding to a

22

pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . duress[.]" Fed. R. Civ. P. 8(c)(1).  Defendants assertion of the affirmative defense of duress does not appear in the answer.  It does not appear until his response to the instant motion.

Second, defendant has not complied with Fed. R. Civ. P. 56(e)(2).  To begin, plaintiff has complied with Rule 56(a)(1).  Rule 56 provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.  The motion may be filed at any time after: (1) 20 days have passed form commencement of the action; or (2) the opposing party serves a motion for summary judgment."  Fed. R. Civ. P. 56(a).  Plaintiff's action was filed, and therefore commenced, on February 13, 2008.  The instant motion, filed on February 11, 2009, was filed more than twenty (20) days later.

However, Rule 56(e) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).  Neither defendant's answer nor defendant's response are verified.  Doc. Ent. 4 at 9; Doc. Ent. 12 at 3.   As the court stated in *Slavenburg Corp. v. Cohen*, No. 86 Civ. 3470, 1986 WL 13467, 3 (S.D.N.Y. Nov. 20, 1986):

> . . . defendants do not proffer, and the record does not reflect, any evidence to establish the existence of the elements essential to prove fraudulent inducement by Slavenburg, or any other unlawful or otherwise improper behavior of Slavenburg with respect to either the factoring agreements or the guaranties.  *See Celotex Corp. v. [Catrett]*, --- U.S. ---, 106 S.Ct. 2548 (1986) (interpreting Fed.R.Civ.P. 56(c)).  Defendants have had ample opportunity to develop the facts in this case, but continue to rely on the naked allegations of their unverified answer and empty charges of fraud in the inducement.  *Defendants' bare assertions cannot defeat a motion for summary judgment.*

23

*Slavenburg Corp. v. Cohen*, 1986 WL 13467, 3 (emphasis added).  Furthermore, another court

has noted:

> Defendants Answer to the Complaint is unverified. Moreover, contrary to the
> procedure established by Fed.R.Civ.P. 33(a), it does not appear that the
> Defendant's answers to Plaintiff's interrogatories have been sworn to under oath
> by a representative of Defendant competent to do so. Because Defendant has
> produced no Rule 56 evidence supporting its contention that it is not an employer
> within the scope of Title VII, the Court must disregard its unverified assertions
> and grant Plaintiff's Motion for Summary Judgment on that issue.

*E.E.O.C. v. A.S.G., Inc.*, No. C-3-89-164, 1990 WL 284505, 3 (S.D. Ohio Oct. 22, 1990).

Additionally, another court has noted:

> In the present case the Certificate of Assessments and affidavit of the Director of
> Internal Revenue filed in support of the plaintiff's motion for summary judgment
> stand undisputed except for the unverified general answer of the defendants which
> simply asserts their "belief" that they do not owe that amount as taxes and
> interest. This general conclusionary denial is insufficient to create a genuine issue
> of fact under Rule 56(e), F. R. Civ. P.

*United States v. Bullock*, No. 4644, 1974 WL 730, 2 (D.Del. June 12, 1974).

Third, the attachments in the record do not create a genuine issue of material fact.

*McMahon Bros. Realty Co. v. U. S. Fidelity & Guaranty Co.*, 217 F.Supp. 567, 568 (D. Del.

1963) ("[a]lthough the pleadings are not verified, there are of record affidavits, admissions,

answers to interrogatories and a deposition which set forth numerous pertinent facts. These must

be considered in the light most favorable to defendant in ruling upon plaintiff's motion for

summary judgment.").  The only exhibits are those attached to plaintiff's complaint (Exhibit A

[Doc. Ent. 1 at 33-35, notarized Sept. 29, 2005 document]; Exhibit B [Doc. Ent. 1 at 36-38,

notarized Oct. 1, 2005 document]]; Exhibit C [Doc. Ent. 1 at 39-42, plaintiff's musical

compilation, "Charlie Latimer: Through the Years"];[10] Exhibit D [Doc. Ent. 1 at 43-46, plaintiff's copyright application for a sound recording for "Charlie Latimer: Through The Years"]; Exhibit E [Doc. Ent. 1 at 47-49, defendant's disseminated musical work, "Charlie Latimer – I'll Sing a Song for You"])[11] and those attached to plaintiff's motion for summary judgment.[12]

For these reasons, the Court should conclude that defendant's unverified answer to the complaint and unverified response to this motion are insufficient to establish a genuine issue of material fact as to the claims on which plaintiff seeks summary judgment. Defendant has not satisfied his burden with regard to the affirmative defense of duress.

**5.      I have referred this case to the Michigan Trial Lawyers Association pro bono program on defendant's behalf.**

Defendant's response to the instant motion for summary judgment may have shown a triable issue of fact had it been verified in accordance with Fed. R. Civ. P. 56(e)(2). As noted above, defendant's response alleges that plaintiff threatened him into signing the agreements, and the existence of a threat is germane to the defense of duress as to contract formation. "The Restatement also provides in §§ 175 and 176 that duress exists if a contract is induced by an improper threat. A threat is improper if it is in breach of a duty of good faith and fair dealing such as exists between fiduciaries." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1482 (6th Cir. 1989). "§ 175. When Duress by Threat Makes a Contract Voidable. '(1) If a party's

---

[10]There are twenty (20) tracks on this CD. Doc Ent. 1 at 42.

[11]There are twelve (12) tracks on this CD, eleven (11) of which appear to be titles included on plaintiff's CD. Doc. Ent. 1 at 49.

[12]*See* Exhibit A [Doc. Ent. 11-3, notarized Sept. 29, 2005 document] and Exhibit B [Doc. Ent. 11-4, notarized Oct. 1, 2005 document].

25

manifestation of assent is induced by an improper threat by the other party that leaves the victim

no reasonable alternative, the contract is voidable by the victim.'" *Street*, 886 F.2d at 1482 n.27

(quoting Restatement § 175).  *See also Sambo's Restaurants, Inc. v. City of Ann Arbor*, 663 F.2d

686, 696 (6th Cir. 1981) ("The Restatement of Contracts s 492 (1937) includes in the definition of

duress 'any wrongful threat ... that induces another to enter into a transaction under the influence

of such fear as precludes him from exercising free will and judgment, if the threat was intended

or should reasonably have been expected to operate as an inducement.'  In general, duress will

render the transaction either void or voidable, id. at ss 494-95, and the person who conferred the

benefit is entitled to restitution. Restatement of Restitution s 70 (1937).").

Ordinarily, where there is a pro se defendant whose pleading's technical defect may

result in entry of judgment against him, I would recommend that the Court permit the pro se

defendant an opportunity to cure the aforementioned defects in his pleadings.  For example, I

would recommend that the Court give plaintiff an opportunity to amend his answer to comply

with Rule 8(c)(1) and amend his response to comply with Rule 56(e)(2).[13]  Such a

recommendation would be analogous to a recommendation that a pro se plaintiff be permitted to

amend his or her pleadings before dismissal of his or her claim.  *See Herron v. Harrison*, 203

F.3d 410, 417 (6th Cir. 2000) (reversing "the magistrate judge's dismissal of the retaliation claim

alleged in Herron's first amended complaint and remand to allow Herron to amend[.]"); *Berndt v.*

---

[13]This is especially true where it is not clear an amendment of these documents would be
futile.  *Cf. Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 9 (D. Mass. 2004) (pro se plaintiff alleging
economic duress) ("Since Gibbs' claim of duress is barred by the statute of limitations [so
amendment would be futile] and his own Complaint establishes that he ratified the agreement,
the Motion to Dismiss Count I should be allowed, and the claim should be dismissed with
prejudice.").

*State of Tenn.*, 796 F.2d 879, 883 (6ᵗʰ Cir. 1986) ("We express no opinion on whether a remand

will be appropriate in every conceivable instance where a pro se complainant fails to request for

leave to amend, but we feel that a case, such as this, where the claims are of such a serious

nature demands that the complaint be closely scrutinized by the district court before it is

dismissed in the pleading stage of litigation.").  *See also Rossiter v. Vogel*, 134 F.2d 908 (2ⁿᵈ Cir.

1943) ("we have held that where facts appear in affidavits upon motion for a summary judgment

which would justify an amendment of the pleadings, such amendment should not be prevented

by the entry of a final judgment.  The allegations of fraud, if proved upon amendment of the

pleadings, alone would render plaintiff's assignment not only unenforceable in equity, but totally

void.") (internal and external citations omitted); *F.D.I.C. v. Bayles & Co. of America, Inc.*, No.

87-1468  1992 WL 161055, 10 (M.D. Fla. June 30, 1992) ("The factual dispute as to the duress

issue, the significance of substitution of collateral, the satisfaction of debt, and overpayment, if

any, preclude summary judgment on behalf of FDIC.  Further where counterclaims or

affirmative defenses are raised by a pro se litigant, as in this case additional leeway is granted in

review of issue classification.").

However, the Sixth Circuit has stated that "[w]hen a person such as either defendant in

this case chooses to represent himself, he should expect no special treatment which prefers him

over others who are represented by attorneys. There was no request made for appointed counsel.

The application of the law must be equal, even for those who have no attorney."  *Brock v.

Hendershott*, 840 F.2d 339, 343 (6ᵗʰ Cir. 1988) (citing *Wolfel v. United States*, 711 F.2d 66, 67

(6th Cir.1983)); *United States v. Ninety Three Firearms*, 330 F.3d 414, 427 -428 (6ᵗʰ Cir. 2003)

("this court clearly has held that no such rule providing "special assistance" exists with respect to

Answer

nonprisoner pro se litigants.") (citing *Brock*, 840 F.2d at 343). *See also Willecke v. Toth*, No. 06-11695, 2009 WL 909566, 3 n.9 (E.D. Mich. Mar. 31, 2009) (Cook, J.) (In granting plaintiffs' motion for summary judgment regarding allegations of fraud by defendants, the Court stated, "[t]he [pro se] Defendants have not submitted any affidavits, depositions, or other factual materials that there is 'evidence upon which the jury could reasonably find for the [non-moving party.]' *Anderson*, *supra*, at 252. Their response is merely an argument which fails to make a single reference to the record or to any controlling legal authorities which would support their position on this claim by the Plaintiffs."), Fed. R. Civ. P. 56(e)(2); *Vitacco v. Toastmaster, Inc.*, Nos. 93-1273, 93-1274, 1994 WL 24861, 3 (Fed. Cir. Jan. 31, 1994) ("[W]e discern no error in the district court's conclusion that there was no evidence indicating Vitacco was under duress when he executed the Idea Submission Policies and Agreements, and we are not persuaded that there is a genuine issue that the Agreements were contracts of adhesion.") (pro se plaintiff).

Still, it appears that this pro se defendant, if he wishes, may benefit from the appointment of counsel. I have accordingly referred this case to the Michigan Trial Lawyers Pro Bono Program.

## III.    **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that

28

raise some issues but fail to raise others with specificity, will not preserve all the objections a

party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th

Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

      Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall not be more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


              s/Paul J. Komives                
              PAUL J. KOMIVES
              UNITED STATES MAGISTRATE JUDGE


Dated July 6, 2009


| |
|---|
| The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail  on July 6, 2009.<br><br>            s/Eddrey Butts    <br>            Case Manager |

29